PEOPLE v. WILLIAMS.

1. INTOXICATING LIQUOR—CRIMINAL LAW—VARIANCE—"TIME" OF OFFENSE—VIDELICET—CURING ERROR—INSTRUCTIONS.

In a prosecution for violation of the liquor law, where defendant was charged with selling and keeping for sale, giving and furnishing and having possession of intoxicating liquors on July 4, 1921, the allegation of "time" being made under a videlicet, if the admission of testimony as to a sale made on July 3d was erroneous, the error was cured by the instruction of the court to the jury to disregard same; time not being of the essence of the offense.

2. SAME—MISCONDUCT OF COUNSEL—CURING ERROR—INSTRUCTIONS.

Where defendant's counsel kept insisting that the prosecutor was asking leading questions of a certain witness, a statement by the latter "Now, just a minute, witness, I insist that this is a hostile witness and I have a right— I have a statement in a John Doe proceeding. I know

On admissibility of expert opinion testimony, generally, see notes in 39 L. R. A. 305.

what I am up against in liquor cases and I am not going to stand for it at all," *held*, although improper, not prejudicial error, in view of the instruction of the court to the jury that the statement was improper and to disregard it.

3. SAME—EVIDENCE—SUFFICIENCY—DIRECTED VERDICT. '
    Where the testimony offered, if believed, would justify the jury in finding defendant guilty of the offense charged, the court was not in error in refusing to direct a verdict in his behalf.

4. SAME—ARGUMENT OF COUNSEL—PENALTY FOR OFFENSE NO CONCERN OF JURY—INSTRUCTIONS.
    Where defendant's counsel argued to the jury that they should not separate defendant from his wife and send him to a felon's cell, the court properly instructed them that they were not concerned in the penalty, and should not be influenced thereby.

Exceptions before judgment from Newaygo; Barton (Joseph), J.    Submitted January 13, 1922.    (Docket No. 161.)    Decided June 5, 1922.

Alfred Williams was convicted of violating the liquor law.    Affirmed.

*Willard G. Turner, Jr.,* for appellant.

*William J. Branstrom,* Prosecuting Attorney, for the people.

BIRD, J.    Defendant was informed against and convicted in the Newaygo circuit court for having violated Act No. 338 of the Public Acts of 1917, as amended. The information charged him with selling and keeping for sale, giving and furnishing and having possession of intoxicating liquors on July 4, 1921.    The first witness for the people testified, under objection, that defendant sold him liquor on July 3d.    The second witness gave evidence of a sale to him on July 4th. Subsequently the court struck out the testimony of the first witness with reference to the sale on July 3d, and the case went to the jury on the sale made on July

4th.   Defendant assigns error on the admission of the testimony of the sale of July 3d as giving testimony of another and distinct offense.   The allegation of "time" was made under a videlicet, and had there been no proof of a sale on the 4th it would have supported the allegation in the information. 3 Comp. Laws 1915, § 15746; *Keator* v. *People*, 32 Mich. 484.   The question of "time" was not of the essence of the offense, but the court subsequently struck out all the evidence pertaining to the sale on July 3d, and at the close of the case charged the jury as follows with reference to it:

"Respondent's counsel calls my attention to a transaction alleged to have taken place on the 3d and the evidence in relation thereto.   I think the record is clear on that.   You recall I instructed you you should not consider that for any purpose whatsoever, and for fear I have not, I again instruct you that you should not pay any attention to that testimony whatsoever. This respondent has nothing to do with that charge, and you should not weigh it in connection with this case at all, the transaction whereby it is claimed liquor was sold to Shippy on the 3d of July.   That should be eliminated from your mind."

In view of this admonition just at the close of the case we think the error was cured, if it can be said to have been one under the rules of evidence, and the count charging possession of intoxicating liquors.

2. Complaint is made of a statement made by the prosecutor while examining one of his witnesses.   Defendant's counsel kept insisting that the prosecutor was asking leading questions.   These had been objected to several times and some of them excluded on that ground.   Finally the prosecutor said:

"Now, just a minute, witness, I insist that this is a hostile witness and I have a right—I have a statement in a John Doe proceeding.   I know what I am up against in liquor cases and I am not going to stand for it at all.

"*Mr. Turner:* I object to the statement of counsel before a jury.

"*The Court:* Mr. Prosecutor, that is an improper statement and the jury will disregard it."

As the court instructed the jury, the statement was an improper one and should not have been made by the prosecutor. But if errors of this character were always reversible error, seldom would a case be tried without reversible error. We are unable to see that the defendant's case was seriously prejudiced by the incident.

3. Counsel insists that the trial court was in error in refusing to direct a verdict in behalf of the defendant at the close of the trial. The testimony of the second witness sworn by the people, if believed, would justify the jury in finding defendant guilty of the offense charged. We think no error was committed in this respect.

4. Complaint is made of the following instruction to the jury:

"It has been argued you should not separate this man from his wife and send him to a felon's cell. You are not concerned in that; you are not concerned in the penalty, that is a matter for the discretion of this court, and if you were informed in any way as to the penalty that might be handed out, you should not be influenced thereby."

This instruction was not error. If counsel insists upon making appeals of that character to the jury he must be content to have them corrected by the trial court. We find no reversible error assigned.

The judgment of conviction is affirmed.

FELLOWS, C. J., and WIEST, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.