**J. D. FITZSTEPHENS**, Administrator of the Estate of Donald H. Bennett, Deceased, Plaintiff,

v.

**UNITED STATES of America**, Defendant and Interpleader,

v.

**J. D. FITZSTEPHENS**, Administrator of the Estate of Donald H. Bennett, Deceased, et al., Interpleaded Defendants.

Civ. No. 4396.

United States District Court
D. Wyoming.
Nov. 25, 1960.

Jones & Fillerup, of Cody, Wyo., for plaintiff.

John F. Raper, Jr., U. S. Atty., for Dist. of Wyoming, Cheyenne, Wyo., for defendant.

Lewis & Copenhaver, Powell, Wyo., for interpleaded defendant Betty Jean Bushnell, formerly Betty Jean Bennett.

Maurer & Garst, Douglas, Wyo., for interpleaded defendant Laurence G. Peterson, Guardian of Estate of Laurence Howard Bennett and Donna Jean Bennett, minors.

KERR, District Judge.

The question for determination in this action is. "Who is entitled to receive the death benefits of a National Service Life Insurance policy, No. V–1307–50–06, in the amount of $10,000.00, which was issued to Donald Hanan Bennett, now deceased?".

The facts are not in dispute and insofar as here pertinent may be summarized chronologically as follows:

On July 31, 1951, the deceased, Donald Hanan Bennett, a resident of Cody, Wyoming, named Betty Jean Bennett, his wife, as principal beneficiary and Lawrence Howard Bennett and Donna Jean Bennett, his son and daughter, as contingent beneficiaries under said policy. At no time subsequent to July 31, 1951, did Bennett re-designate his beneficiaries, unless the property settlement, hereinafter discussed, can be construed as constituting a change of beneficiary.

On October 27, 1958, Betty Jean Bennett and Donald H. Bennett, in contemplation of divorce proceedings, entered into a property settlement, which contains the following material provisions:

"4. The following property shall be the sole, separate and absolute property of Donald:

\* \* \* \* \* \*

"All life insurance on the life of Donald and all corporate savings plans heretofore earned by him

\* \* \* \* \* \*

"7. Each party hereby releases the other from all rights or claims of whatever kind growing out of their marital relationship except as herein provided".

Betty Jean Bennett was granted an absolute divorce from Donald H. Bennett on November 25, 1958. The decree recited: "It Is Further Hereby Ordered, Adjudged and Decreed that the settlement agreement executed by the parties on October 27, 1958 annexed hereto be and the same is hereby confirmed and approved".

When Donald Hanan Bennett died on September 12, 1959, the aforementioned National Service Life Insurance policy was in full force and effect. It was at all times his separate and absolute property. I cannot perceive that the property settlement gave the deceased anything in this respect which he did not already have. Following his death conflicting claims for the benefits under said policy were filed; Betty Jean Bennett, his former wife, claims said benefits as the designated beneficiary; and the Administrator of the Estate of Donald Hanan Bennett, deceased, asserts rights thereto by virtue of the above quoted provisions in the property settlement and divorce decree. As a stakeholder in this action, the United States admits that it owes the amount of the policy and asks the Court to determine which of the claimants is entitled to it.

The issue of whether the property settlement effected a change of beneficiary is resolved in the light of 38 U. S.C. § 717, and the departmental regulations promulgated thereunder. The statute provides in part as follows:

"§ 717. Insurance maturing on or after August 1, 1946.

"(a) The insured shall have the right to designate the beneficiary or beneficiaries of insurance maturing on or after August 1, 1946, and shall, subject to regulations, at all times have the right to change the beneficiary or beneficiaries of such insurance without the consent of such beneficiary or beneficiaries."

The applicable Veterans' Administration regulations Nos. 3446 and 3447 set forth in 38 C.F.R. 8.46, as amended, and 8.47 relate to designations and changes of beneficiary:

"§ 8.46 Beneficiary designations

"(b) A beneficiary designation shall be made by notice in writing to the Veterans' Administration, signed by the insured. A beneficiary designation, but not a change of beneficiary, may be made by last will and testament duly probated. * * * A designation of beneficiary need not be made in the application for insurance but may be made at a later date."

"§ 8.47 Beneficiary changes

"The insured shall have the right at any time, and from time to time, and without the knowledge or consent of the beneficiary to cancel the beneficiary designation, or to change the beneficiary, but a change of beneficiary to a person not within the permitted class of benficiaries set forth in § 8.46 shall not be effective as to insurance which matured prior to August 1, 1946. *A change of beneficiary to be effective must be made by notice in writing. signed by the insured and forwarded to the Veterans' Administration by the insured or his agent, and must contain sufficient information to identify the insured.* Whenever practicable such notices shall be given on blanks prescribed by the Veterans' Administration. Upon receipt by the Veterans' Administration, a valid designation or change of beneficiary shall be deemed to be effective as of the date of execution: Provided, That any payment made before proper notice of designation or change of beneficiary has been received in the Veterans' Administration shall be deemed to have been properly made and to satisfy fully the obligations of the United States under such insurance policy to the extent of such payments." (Emphasis supplied.)

■■ The situation then is this: When Bennett died, his former wife was the beneficiary of record. The Veterans' Administration had received no notice of a change of beneficiary. This identical question has been before the courts many times. A collection of the leading cases are: Wissner et al. v. Wissner, 338 U.S. 655, 70 S.Ct. 398, 94 L.Ed. 424; Bradley v. United States, 10 Cir., 143 F.2d 573; Moths v. United States et al., 7 Cir., 179 F.2d 824; Bratcher v. United States, 8 Cir., 205 F.2d 953; O'Brien v. Elder et al., 5 Cir., 250 F.2d 275; Pack v. United States et al., 9 Cir., 176 F.2d 770; Cohn et al. v. Cohn et al., 84 U.S. App.D.C. 218, 171 F.2d 828; Dyke v. Dyke, 6 Cir., 227 F.2d 461; McCollum v. Sieben et al., 8 Cir., 211 F.2d 708; Kaske v. Rothert, D.C., 133 F.Supp. 427; Heifner v. Soderstrom, D.C., 134 F.Supp. 174; Eldin v. United States, D.C., 157 F. Supp. 34. The burden rests upon the Administrator of the Estate of Donald H. Bennett to show that during his lifetime he had effected a valid change of beneficiary. Bradley v. United States, 10 Cir., 143 F.2d 573.

■■ Counsel for the Administrator have cited a number of decisions from state courts holding that the property settlement should be construed as a change of beneficiary. These cases are not controlling. The National Service Life Insurance policies are contracts with the United States and possess the same legal incidence as other government contracts. Their terms must be construed by federal statutes and regulations, not by state law. A rule of property of a state cannot restrict such agreement to pay and thereby supersede the federal laws of construction of federal contracts. The recognized principles of federal case law do not support the Administrator's theories and contentions. Dyke v. Dyke, 6 Cir., 227 F.2d 461.

Another matter, while not raised by the pleadings or Agreed Statement of Facts, should not go unnoticed. Plaintiff brings this action as Administrator of the Estate of the insured. He seeks to recover the principal of the policy for the benefit of the estate of the insured. The record discloses both the named beneficiary and contingent beneficiaries are living. Dyke v. Dyke,

D.C., 122 F.Supp. 529, affirmed 6 Cir., 227 F.2d 461. It appears to me therefore, that if Betty Jean Bennett were not entitled to receive the benefits, they should thereupon go to the named contingent beneficiaries. In any event, the estate of Donald Hanan Bennett would not be a successful claimant to the insurance proceeds.

 Federal courts have held, without exception, that a mere intention to change a beneficiary is not enough. Such an intent must be followed by positive action on the part of the insured evidencing an exercise of the right to change the beneficiary. It is the general rule that where the insured has manifested an intent to change a beneficiary and has done everything reasonably necessary to accomplish a change, leaving only ministerial acts to be performed, courts of equity will treat as done that which ought to be done, thus effectuating the intent of the insured. Bradley v. United States, supra; Collins v. United States, 10 Cir., 161 F.2d 64. The facts under consideration do not come within this rule.

It was declared in Wissner v. Wissner, supra, that the National Service Life Insurance Act is the Congressional mode of affording a uniform and comprehensive system of life insurance for veterans of the armed forces of the United States and that a liberal policy toward the insured and his named beneficiary is everywhere evident in the comprehensive plan. After analyzing the Act the Court said 338 U.S. at page 658, 70 S.Ct. at page 400:

"The controlling section of the Act provides that the insured 'shall have the right to designate the beneficiary or beneficiaries of the insurance * * * and shall * * at all times have the right to change the beneficiary or beneficiaries * * *' 38 U.S.C. § 802(g), 38 U.S. C.A. § 802(g). *Thus Congress has spoken with force and clarity in directing that the proceeds belong to the named beneficiary and no other."* (Emphasis supplied.)

It is my opinion, based upon all the evidence, facts and circumstances of this case, that Donald Hanan Bennett did not actually and effectively change the beneficiaries of his insurance policy and that the beneficiary named therein, Betty Jean Bennett, is entitled to the proceeds thereof.

The facts herein stated and the conclusions of law herein expressed shall be considered the Findings of Fact and the Conclusions of Law. Defendant, United States of America, will submit Judgment in accordance with this memorandum within ten (10) days from this date and the clerk will enter an order accordingly.