**AETNA LIFE INSURANCE COMPANY, a corporation, Plaintiff,**

v.

**Betty Jean Bennett BUSHNELL, and J. D. Fitzstephens, Administrator of the Estate of Donald Hanan Bennett, deceased, et al., Defendants.**

**Civ. No. 4419.**

United States District Court
D. Wyoming.

Dec. 16, 1960.

Loomis, Lazear & Wilson, Cheyenne, Wyo., for plaintiff.

Jones & Fillerup, Cody, Wyo., Maurer & Garst, Douglas, Wyo., and Lewis & Copenhaver, Powell, Wyo., for defendants.

KERR, District Judge.

This is an interpleader action instituted by Aetna Life Insurance Company under the Interpleader Act (28 U.S.C. § 41(26) [1]) to determine the proper distribution of the proceeds of a life insurance policy.

The defendants named in this suit are Betty Jean Bennett Bushnell, the former wife of Donald H. Bennett, the deceased insured, J. D. Fitzstephens, Administrator of the Estate of Donald Hanan Bennett, deceased, and Laurence G. Peter-

1. Now 28 U.S.C.A. §§ 1335, 1397, 2361.

son, Guardian of the estates of the minor children of the deceased. Plaintiff corporation has deposited in the registry of the court the sum of $8,000 which it admits is due and owing under group policy of insurance No. 40302, Certificate No. 677, issued by plaintiff upon the life of Donald Hanan Bennett.

The salient facts are not in dispute. By stipulation of the parties, it is admitted that Donald Hanan Bennett, an engineer, was employed by Husky Hi-Power Inc., a subsidiary of Husky Oil Company. While so employed, certificate of insurance No. 677 was issued to him effective March 16, 1958. At that time Betty Jean Bushnell was the wife of the insured and was the beneficiary on the certificate of insurance. The premiums on the policy were paid by the insured by a payroll deduction arrangement. Donald H. Bennett and Betty Jean Bennett made and entered into a property settlement agreement dated October 27, 1958, which was ultimately confirmed and annexed to a decree of divorce which was entered in the District Court of Park County, Wyoming, on or about November 25, 1958. Donald H. Bennett continued to reside in Cody, Wyoming, and continued in the employment of Husky. Betty Jean Bennett, who was awarded custody of their two minor children, subsequently remarried and moved to Washington, taking the children with her. Donald H. Bennett died on September 12, 1959. At the time of his death Certificate No. 677, by which plaintiff insured the life of Donald H. Bennett was in full force and effect, and the beneficiary designated on such certificate was still Betty J. Bennett. The Court has examined the various instruments attached to the pleadings and stipulation.

J. D. Fitzstephens as Administrator of the Estate of Donald H. Bennett, to which the two children are the only heirs, claims the proceeds under Donald H. Bennett's life insurance policy on the ground that by the divorce decree and property settlement Donald H. Bennett revoked his designation of Betty Jean Bennett as beneficiary and therefore the proceeds of the policy should be paid to his estate.

Betty Jean Bennett Bushnell bottoms her claim to the proceeds of the life insurance policy on the ground that she is the beneficiary named therein and that the divorce decree does not divest her of her right to such proceeds.

The guardian of the estates of the minor children answered the complaint with a general denial and alleged "That the paramount issue in this matter lies between defendants Betty Jean Bennett Bushnell and J. D. Fitzstephens, Administrator of the estate of Donald Hanan Bennett, deceased". I am of the opinion the guardian is in error in this respect. The contract of insurance between plaintiff and the insured unequivocally creates a critical contest between the defendant Betty Jean Bennett Bushnell and the Guardian of the estates of the minor children.

The heart of the matter is the effect of the property settlement and divorce decree in their relation to the express provisions of Certificate No. 677. For this reason, a clear understanding of the material provisions of these instruments is necessary. There is no statute or departmental regulation to guide this Court in the determination of this controversy. This case is distinguished from the companion case brought by Fitzstephens v. United States of America, D.C., 189 F. Supp. 919. I am concerned now with two private contracts between private individuals. The instant case does not involve an insurance policy which has to be construed as a government contract subject to federal law.

The terms of the insurance policy in dispute are simple and unambiguous. Donald H. Bennett, the insured, designated his wife, Betty J. Bennett, as beneficiary to receive the insurance benefits, and he reserved the right to change such designation by filing a written request therefor at the office of his employer or at the home office of the insurance company.

The divorce decree is also disarmingly routine. By the decree the Court ordered that the settlement agreement executed by the parties on October 27, 1958, annexed to the decree "be and the same is hereby confirmed and approved". Such agreement thereby became effective and binding on the parties thereto. The agreement contains inter alia the following provisions:

"* * * Whereas differences have arisen between the parties which make further continuance of their marital relationship inadvisable, and it is necessary that they enter into an agreement for the care and custody of their minor children, support and maintenance of their children, and financial and property rights existing between them.

"Now, Therefore, for the mutual considerations herein appearing it is agreed as follows:

* * * * * *

"4. The following property shall be the sole, separate and absolute property of Donald:

* * * * * *

"*All life insurance on the life of Donald* and all corporate savings plans heretofore earned by him

* * * * * *

"5. The following property shall be the sole, separate and absolute property of Betty:

* * * * * *

"*Life insurance on her life*

* * * * * *

"7. Each party hereby *releases the other* from all rights or claims of whatever kind growing out of their marital relationship except as herein provided." (Emphasis supplied.)

The provisions of the agreement omitted from the above paragraph relate in general to the care, custody, support and maintenance of the children, the division of the real estate and personal property of the parties, the income tax exemption provision and the waiver of homestead rights under the laws of the State of Wyoming. There is the usual provision that the agreement binds the heirs, devisees and personal representatives of the parties, and the acknowledgment that the parties executed the instrument as their free act and deed.

Betty Jean Bennett Bushnell urges that no effective change of beneficiary was made because the requirements set out in the policy with respect thereto were not complied with. It has been held frequently that the procedural requirements relative to the change of beneficiary are for the protection of the insurance company. Mabbitt v. Wilkerson, 1952, 220 Ark. 270, 247 S.W.2d 201. It has also been held that such requirements are applicable to a situation where the insured acts to change his designation of beneficiary. Brotherhood of Locomotive Firemen and Enginemen v. Ginther, 1926, 35 Wyo. 244, 248 P. 852, rehearing denied 35 Wyo. 280, 252 P. 1026; Spalding v. Williams, 1957, 275 Wis. 394, 82 N.W.2d 187, 190. Whether the insured changed the beneficiary in the manner prescribed by the policy, or whether the divorce decree resulted in a change of beneficiary are not the controversial issues in this case. I am required, rather, to decide whether Betty Jean Bennett Bushnell herself effectively disposed of her interest as a beneficiary under the policy. I am convinced that she did.

In support of her theory that the named beneficiary under the policy is entitled to the insurance proceeds, Betty Jean Bennett Bushnell asserts that the settlement agreement does not clearly advise her of her rights of expectancy and does not specify which insurance policy is covered therein. She concludes that such agreement cannot, therefore, divest her of her beneficial interest in the policy. The facts do not support her contention. Both parties were represented by counsel and there is no hint that they were ill advised. Specific reference is made to "all" the insurance policies of the husband. All the facts and circumstances indicate that the parties intended to divide their worldly possessions and to pro-

vide for the care of their children. They made no exceptions or reservations. No repudiation of any of the other terms of the agreement has been made. The agreement has been in effect for almost two years and it is reasonable to assume that this attack on one of the provisions would not have been made had the death of the insured not created a financial interest.

■ It is apparent that Donald H. Bennett and Betty J. Bennett intended and agreed to make a final and complete disposition of their property. Concessions and exchanges were given in mutual consideration. Neither party had any rights of ownership over the insurance policies of the other party. Where the right to change the beneficiary is reserved to the insured he remains the real and only owner of the policy. The beneficiary's interest is limited to that of a mere expectancy. O'Brien v. Elder, 5 Cir., 1957, 250 F.2d 275; Novosel, et al. v. Sun Life Assurance Company of Canada, et al., 1936, 49 Wyo. 422, 55 P.2d 302, reh. den. 49 Wyo. 443, 57 P.2d 110. The decisions reported from so-called community property states involve a property right which is not present in Wyoming. Here Betty Jean Bennett had no community property with which to bargain or to exchange.

■ The language in paragraph 4 of the agreement by which Betty J. Bennett conveyed to Donald as his absolute property all the insurance on his life would be meaningless and unnecessary were it not to be implied that she thereby intended to relinquish to him the only right she had, namely, that of an expectancy. This was all she possessed which she could give up. It cannot be successfully argued that Betty J. Bennett intended to "give" Donald H. Bennett only that which he already had, namely, ownership of the insurance policies. The conclusion is inescapable, therefore, that she exchanged her rights as a beneficiary in return for other property received under the agreement. Disposition of the financial interests of the parties was contemplated in the agreement. The only interest of the

beneficiary in the insurance policies was an inchoate financial benefit in the event of his death. Betty J. Bennett agreed to and did "give" this gift of expectancy back to Donald H. Bennett. She is, therefore, precluded from asserting any ownership of the property.

It is not necessary for the insured to change the designation of the beneficiary (admittedly, it is advisable) in order to divest his former wife of her interest as beneficiary. Such divestment was complete when the settlement was agreed upon and the agreement executed by the parties and incorporated in the divorce decree. Baekgaard v. Carreiro, 9 Cir., 1956, 237 F.2d 459.

Betty Jean Bennett Bushnell reasons, also, that a beneficiary can release her interest in the insurance policy, but if the insured thereafter fails to revoke the designation of beneficiary, then the person named is entitled to the proceeds of said policy. This argument is strained and without merit. The benefits derived from a designation as the beneficiary of a life insurance policy, are in the nature of a gift. Nobody is ever required to accept a gift. Once a donee has repudiated or renounced a gift, the donor, by his unilateral act (or as in this case, by his failure to act), cannot force his largesse upon the donee. Such would be the effect of this contention.

I cannot agree with some of the conclusions made on behalf of Betty Jean Bennett Bushnell. She stated that the insured was an educated and intelligent man, that he had a moral and legal obligation to support his children, and consequently, there was no easier way for him to designate his wife as beneficiary than simply to refuse to change his previous designation of her as the beneficiary. This is a non sequitur.

The logic that appeals to me is that an educated and intelligent man, mindful of his obligations toward his children, would be cognizant of the effect of the property settlement between him and his wife, and of the provisions of his insurance policy. He could reasonably conclude that his children would take under the policy as

those secondarily entitled to the proceeds, his wife having released all her interest therein.

The Administrator in asserting his rights to the proceeds of the insurance policy has cited no authorities in support of an adverse claim against the minor children of the deceased. He has not convinced me that the settlement provisions awarding the insurance policies to Donald H. Bennett as his "sole, separate and absolute property" cause such property to descend to the estate of the deceased. So to hold would, in effect, contradict the contractural provisions of the policy with respect to those secondarily benefitted thereunder. I refer to the following statement in Certificate No. 677:

> "If no designated beneficiary survives the Employee, or if no beneficiary has been designated, such sum will be payable to the Employee's *widow* or widower, if surviving the Employee; *if not surviving the Employee, in equal shares to the Employee's children who survive the Employee;* if none survives the Employee, to the Employee's parents, equally, or to the survivor; if neither survives the Employee, in equal shares to the Employee's brothers and sisters who survive the Employee; or, if none survives the Employee, to the Employee's executors or administrators." (Emphasis supplied.)

It is clear beyond cavil that the administrator does not take under the terms of the policy unless or until the insured is survived by neither his designated beneficiary, his widow, his children, parents, brothers and sisters. For this reason I hold that J. D. Fitzstephens, Administrator of the Estate of Donald H. Bennett, deceased, is not entitled to receive the proceeds of insurance certificate No. 677.

It has already been shown that Betty Jean Bennett Bushnell, the named beneficiary, has waived any rights to benefit under the insurance policy issued on the life of her former husband. Donald H.

Bennett did not remarry after his divorce. He is not survived by a widow. The provision of the certificate, therefore, relating to the beneficial interests of his surviving children springs into effect. There is some pertinent language in the case of Brotherhood of Locomotive Firemen and Enginemen v. Ginther, 1926, 35 Wyo. 244, 248 P. 852, rehearing denied 35 Wyo. 280, 252 P. 1026, applicable to this situation. At page 256 of 35 Wyoming Supreme Court, at page 855 of 248 P. said that the clause referring to the absence of a legally designated beneficiary and providing that the fund shall thereupon be paid to certain named persons in the order named indicates that the persons so enumerated are entitled to the insurance fund "not because they had been, 'designated' but because the original designation had become ineffective on the death of the beneficiary and there had been no other designation".

In the case of Baekgaard v. Carreiro, supra, it was held that by the property settlement agreement the beneficiary waived and relinquished all her right to the insurance proceeds regardless of whether the insured died without changing the designation. The Court held also that the secondary beneficiary was entitled to the proceeds because the term, upon the death of the first beneficiary, means, in the event that the first beneficiary was not qualified to take. I agree with the rationale of this decision. The beneficiary clause of an insurance certificate is "donative and testamentary in character" and the intention of the insured should be given effect.

The intention of Donald H. Bennett is ascertained in the settlement agreement and in his insurance contract. By the former he recouped the beneficiary's right of expectancy. By operation of the terms of his contract of insurance, he acquiesced to the succession of his children to the insurance proceeds.

For the foregoing reasons, I direct that the sum of $8,000 deposited in the registry of the court by plaintiff be disbursed to Laurence G. Peterson, Guardian of the estates of Laurence Howard Bennett and

Donna Jean Bennett, minor children of Donald H. Bennett, deceased.

The facts herein stated and the conclusions of law herein expressed shall be considered the Findings of Fact and the Conclusions of Law, and judgment will be entered accordingly.