**Marjorie Nardon SUYDAM, Individually and as Guardian of the Estates of Helen Gunhild Suydam, et al., Minors, Appellants,**

**v.**

**UNITED STATES of America and Jane E. Suydam, Appellees.**

**No. 21677.**

United States Court of Appeals District of Columbia Circuit.

Argued May 20, 1968.

Decided Oct. 16, 1968.

See also D.C.Cir., 404 F.2d 1332.

Mr. John E. Powell, Washington, D. C., with whom Messrs. John M. Lynham and Henry H. Paige, Washington, D. C., were on the brief, for appellants.

Mr. David V. Seaman, Atty., Department of Justice, with whom Asst. Atty. Gen. Edwin L. Weisl, Jr., Messrs. David G. Bress, U. S. Atty., and Morton Hollander, Atty., Department of Justice, were on the brief, for appellee United States of América.

Mr. Robert V. Schnabel, Washington, D. C., for appellee Jane E. Suydam.

Before BASTIAN, Senior Circuit Judge, and TAMM and LEVENTHAL, Circuit Judges.

PER CURIAM:

This is an appeal from a summary judgment granted in the United States District Court for the District of Columbia.

Appellant, Marjorie Nardon Suydam, and Henry West Suydam, Jr. (the insured decedent) were married on May 26, 1949. During the course of their marriage they had four children. On September 5, 1964, appellant and decedent, both represented by counsel, entered into a property settlement agreement which, *inter alia*, provided that decedent was to pay, for maintenance and support, One Hundred Seventy-five Dollars ($175.00) per child per month until each child either became twenty-one (21) or should marry or die prior to attaining that age. Furthermore, the agreement provided in relevant part, as follows:

10. PROVISION FOR SUPPORT OF CHILDREN IF PARTY OF FIRST PART SHALL DIE

In contemplation of the possibility that the party of the first part may die before all or any of said children shall reach the age of 21 years, the party of the first part does hereby promise and agree to provide by will, and in the event of his failure to so do, or by any adverse construction of his Last Will and Testament, does hereby bind his estate, his heirs, executors and personal representatives, to pay out of his estate to the party of the second part, the sum of One Hundred and Seventy-five Dollars ($175.00) per month per child then living and unmarried under twenty-one (21) years of age, until each such child shall respectively reach the age of twenty-one (21) years or marry. This provision shall be and become of precedence over any other provisions of the will of the party of the first part and such payments shall be made from the corpus of the estate of the party of the first part if income and earnings are not sufficient therefor.

On November 6, 1964, appellant and decedent were divorced in Florida. The divorce decree awarded custody of the children to appellant and expressly incorporated by reference the property settlement agreement. Shortly thereafter, decedent and appellee Jane E. Suydam were married. A few months later, decedent, in compliance with all necessary regulations, changed the beneficiary designation on his National Service Life Insurance policy to his second wife, Jane E. Suydam. Decedent and his second wife had no children.

On December 3, 1966, Henry Suydam, Jr., died in Miami, Florida. It is clear from the record that decedent's estate is insufficient to satisfy the above delineated maintenance and support obligations.

Under the terms of his will, decedent attempted to appoint to his children in trust the corpus of a substantial fund established by decedent's mother. The appointment was ineffective, however, because, under the terms of decedent's mother's will, the principal was already payable to his children, and they have, in fact, received this property. There were no other testamentary provisions for his children in decedent's will.

In the District Court, appellant, on behalf of her minor children, commenced the present action to subject the proceeds of decedent's National Service Life Insurance policy to the claims of the children. A demand for the insurance benefits was likewise made by decedent's widow. An answer embodying a motion to dismiss was filed by the appellee United States of America, in which the United States, admitting liability under the policy referred to and stating its willingness to pay the proceeds to the party or parties lawfully entitled thereto, requested the court to determine whether the appellant, as guardian, or the appellee Jane E. Suydam, was entitled to receive the death benefits under said policy of insurance. The answer further stated that on July 3, 1967, the Veterans Administration formally re-

jected appellant's claim and recognized the appellee Jane E. Suydam as the sole lawful beneficiary of said policy.

In response to the motion of the decedent's widow to dismiss the proceedings, the United States asked that the motion be treated as one for summary judgment pursuant to Rules 12(b) and 56 of the Federal Rules of Civil Procedure. On November 28, 1967, summary judgment was entered, decreeing that the decedent's widow recover from the United States of America the death benefits of the insurance policy in question and ordering the Veterans Administration to pay the net proceeds thereof to Jane E. Suydam.

■ We agree with the decision of the District Court. We start with the proposition that National Service Life Insurance was established by act of Congress, 38 U.S.C.A. § 801, *et seq.*, in furtherance of clearly delineated national purposes. Federal law exclusively governs such insurance policies, and two federal statutes in particular are applicable to this case. The first is 38 U.S.C.A. § 717(a), stating that:

The insured shall have the right to designate the beneficiary or beneficiaries of insurance maturing on or after August 1, 1946, and shall, subject to regulations, at all times have the right to change the beneficiary or beneficiaries of such insurance without the consent of such beneficiary or beneficiaries.

The second applicable statute is 38 U.S.C.A. § 3101(a), which provides that:

Payments of benefits due or to become due under any law administered by the Veterans' Administration shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt * * *.

The preeminent case in this area is Wissner v. Wissner, 338 U.S. 655, at page 658, 70 S.Ct. 398, at page 399, 94 L.Ed. 424 (1950), in which the Court declares, "The National Service Life Insurance Act is the Congressional mode of affording a uniform and comprehensive system of life insurance for members and veterans of the armed services of the United States. A liberal policy toward the serviceman and his named beneficiary is everywhere evident in the comprehensive statutory plan. Premiums are very low and are waived during the insured's disability; costs of administration are borne by the United States; liabilities may be discharged out of congressional appropriations. The controlling section of the Act provides that the insured 'shall have the right to designate the beneficiary or beneficiaries * * *.' 38 U.S.C. § 802(g). Thus Congress has spoken with force and clarity in directing that the proceeds belong to the named beneficiary and no other."

■ In Hoffman v. United States, 391 F.2d 195 (1968), the Ninth Circuit held that the insured decedent had the right to change the beneficiary on his National Service Life Insurance policies notwithstanding a Washington state court divorce decree ordering the insured to maintain his former wife as the sole beneficiary. Similar holdings, awarding such proceeds in accordance with the beneficiary designation at the time of the insured's death and overriding state divorce decrees incorporating property settlements to the contrary, may be found in Heifner v. Soderstrom, 134 F.Supp. 174 (N.D.Iowa 1955), Kaske v. Rothert, 133 F.Supp. 427 (S.D. Cal.1955), Eldin v. United States, 157 F.Supp. 34 (S.D.Ill.1957), and Fitzstephens v. United States, 189 F.Supp. 919 (D.Wyo.1960). A fortiori, in this case, the insured decedent had such a right where his property settlement with appellant does not include the proceeds of his National Service Life Insurance policy.

All parties agree that decedent validly met the regulatory requirements for changing beneficiaries. Thus, according to the doctrine of *Wissner* and the other cases cited above, appellee Jane E. Suydam is entitled to the proceeds in question.

Appellant, however, raises the argument that a constructive trust should be imposed on the proceeds for the benefit of the insured's children. The leading case on the imposition of a trust on the proceeds of a National Service Life Insurance policy is Voelkel v. Tohulka, 236 Ind. 588, 141 N.E.2d 344, 70 A.L.R.2d 1349 (1957), cert. den. 355 U.S. 891, 78 S.Ct. 263, 2 L.Ed.2d 189. In that case, the Supreme Court of Indiana stated, "There appears no impediment in the National Service Life Insurance Act of 1940, 38 U.S.C.A. § 801, supra, directly opposing the imposition of a trust on funds after they are received by a beneficiary in the interest of a proper disposition of the proceeds in conformity with the wishes of a deceased soldier, if the facts exist which, under other principles of equity, would raise a trust."

We understand this language to mean that the key to the imposition of such a trust is the intent of the insured decedent. The transcript and records of the case before us show, in a manifestly clear way, that Henry Suydam, Jr., did not have the requisite intent. The facts are quite to the contrary. For, at the time appellant and decedent entered into the property settlement agreement, they and their respective attorneys negotiated the question of decedent's insurance, and it was not included in the property settlement agreement. We, therefore, see no basis for the imposition of a constructive trust.

Finally, we have carefully considered the cases cited by appellant in support of her claim, and we find that they are readily distinguishable from the present case.

The judgment of the District Court is Affirmed.