**Frances W. TAYLOR, individually and as Executrix of the Will of Guy H. Winslow, deceased, Plaintiff-Appellant,**

**v.**

**UNITED STATES of America and Myrtle L. Jarvey, Defendants-Appellees.**

**Nos. 26250, 71-2905.**

United States Court of Appeals, Ninth Circuit.

April 26, 1972.

Rehearing Denied June 6, 1972.

Fred A. Granata (argued), Portland, Or., for plaintiff-appellant.

John D. Burns (argued), of Joss, Bosch & Burns, Sidney I. Lezak, U. S. Atty., Michael L. Morehouse, Asst. U. S. Atty., Portland, Or., for defendants-appellees.

Before CARTER and HUFSTEDLER, Circuit Judges, and MURRAY, District Judge.*

PER CURIAM:

This action concerns a contest over the proceeds of a United States Government Life Insurance policy, between Frances Taylor, daughter of the deceased and executrix of his will, on the one hand, and Myrtle L. Jarvey, a divorced wife and the designated beneficiary of the life policy, on the other. The statutes involved are part of the 1958 revision of Title 38, U.S.C., entitled "Veterans' Benefits," particularly Chapter 19 thereof, Sections 701–88, and Chapter 53, P.L. 85–857, September 2, 1958, 72 Stat. 1105, et seq.

The question presented is—Do federal statutes and regulations control problems involving the right of a beneficiary to recover on such a policy? We hold they do.

Winslow was the owner of a Government Life Policy in the sum of $10,000. In 1964 he designated Myrtle Winslow, then his wife, as beneficiary. No change of beneficiary was ever filed with the Government. Winslow and Myrtle were divorced in 1968. Winslow died two months later. Myrtle remarried and became Myrtle Jarvey, the appellee.

The divorce decree provided that Myrtle was ordered to "waive and relinquish any claim which she may have against defendant (Winslow) for payment of support, maintenance, or alimony, and any claim which she may now or in the future have, as heir, legatee, devisee, creditor or otherwise against the defendant's estate." Myrtle was also ordered "to turn over to the defendant all his personal papers . . . ." The record is otherwise bare of any evidence manifesting Winslow's intent to remove Myrtle as beneficiary.

The trial court rendered judgment for Myrtle Jarvey and Taylor appeals. We affirm.

The federal statutes and their regulations control questions as to the right to recover under United States Government Life policies. Wissner v. Wissner, 338 U.S. 655, 70 S.Ct. 398, 94 L.Ed. 424 (1950) (involving a National Service Life Insurance policy, and National Service Life Insurance Act of 1940, 54 Stat. 1008, amended). "There is . . . a marked distinction between the criteria for judicial construction of an ordinary commercial insurance contract, and construction of the provisions of an act of Congress setting up a system of national life insurance for servicemen to be administered by a governmental agency." United States v. Zazove, 334 U.S. 602, 610, 68 S.Ct. 1284, 1288, 92 L.Ed. 1601 (1948) (involving National Service Life Insurance Act of 1940, *supra.*)

The various cases cited by the parties involving commercial life insurance policies do not control this case. On the contrary, this case is controlled by 38 U.S.C. §§ 749, 3101(a),[1] 38 C.F.R. § 847 and the federal cases. Wissner v. Wissner, *supra*; Pack v. United States (9 Cir. 1949) 176 F.2d 770; Fitzstephens v. United States (D.Wyo.1960) 189 F. Supp. 919;[2] Hoffman v. United States (9 Cir. 1968) 391 F.2d 195; Suydam v. United States (1968) 131 U.S.App.D.C. 352, 404 F.2d 1329; and Kimball v. United States (6 Cir. 1962) 304 F.2d 864.[3]

* Honorable William D. Murray, Senior District Judge, District of Montana, sitting by designation.

1. 38 U.S.C. 3101(a) reads in part,—"Payments of benefits due or to become due under any law administered by the Veterans' Administration shall not be assignable except to the extent specifically authorized by law . . . ."

2. These cases were decided under the National Service Life Insurance Act of 1940, *supra*. Congress, by P.L. 85–857, September 2, 1958, 72 Stat. 1105, revised, codified and enacted into law Title 38 U.S.Code. No substantial changes were made in the 1958 Act insofar as our problem is concerned.

3. Cases decided under the 1958 Act, note 2, *supra*.

O'Brien v. Elder (5 Cir. 1957) 250 F. 2d 275, relied on by appellant did not even cite *Wissner, supra,* decided in 1950, and is contra to the array of authority above.

In our case, the divorce decree did not effect a change of beneficiary. Nothing in the divorce decree concerned relinquishment of Myrtle Jarvey's claim to the proceeds of the life insurance policy. If she relinquished anything concerning the insurance, it was as to any claim against Winslow but not her claim against the insurer, the United States.

We do not reach appellant's contention that the trial judge relied on alleged hearsay for an alternative ground for his decision.

Judgment affirmed.