**Alene W. SESSIONS, Appellee,**

v.

**Lena SESSIONS, Appellant.**
**No. 46605.**

Court of Appeals of Oklahoma,
Division No. 1.

July 16, 1974.

Approved for Publication by Supreme Court
Aug. 9, 1974.

Jones, Givens, Brett, Gotcher, Doyle & Atkins, Inc. by Dora S. Roberts, Tulsa, for appellee.

Don L. Dees, Tulsa, for appellant.

BOX, Presiding Judge:

The plaintiff, Alene W. Sessions, was divorced by the decedent, Joseph Sessions, Jr., on June 3, 1966. The Tulsa District Court divided the real and personal property of the parties and awarded alimony to the plaintiff, defendant in the divorce action, in the amount of $8,400.00. Decedent owned a National Service Life Insurance policy, which was his G.I. term insurance, in the amount of $10,000.00. The court ordered that the decedent was to keep that policy in full force and effect for the period of time that there remained a balance due on the alimony judgment; further, the decedent was ordered to name plaintiff as the beneficiary to the policy for an amount not less than the balance due on the alimony judgment until that judgment had been paid in full.

Thereafter, the decedent married Lena Sessions, defendant in this present action. On January 2, 1969, the decedent named his present wife, the defendant above, as sole beneficiary of the National Service Life Insurance policy. He died on January 6, 1969, and the proceeds of the policy were paid to the defendant, Lena Sessions.

At the time of decedent's death there was due and owing to the plaintiff herein some balance due on the unpaid alimony judgment. The plaintiff, Alene Sessions, sued the defendant, Lena Sessions, to impress a trust on the proceeds of the policy to the extent that her unpaid alimony was owing at the time of decedent's death, alleging that plaintiff held the proceeds of the policy as constructive trustee for the plaintiff, and further, that the proceeds of the life insurance policy were impressed with a lien in favor of the plaintiff by the divorce decree.

The defendant filed her Answer setting forth a general denial, attaching a copy of the policy in question and citing § 11 of that policy concerning Exemption from Claims of Creditors.

Thereafter briefs were filed on behalf of both parties and after hearing oral arguments of counsel, the court on May 2,

1973, entered judgment holding that plaintiff, Alene W. Sessions, "has a valid lien on the life insurance benefits held by the defendant Lena Sessions," in the amount of three thousand, three hundred dollars ($3,300.00) plus interest.

Defendant appeals, and under Proposition One argues as follows:

"The court erred in its conclusion that the National Service Life Insurance policy issued to appellant's decedent was subject to a judgment lien as a result of a judgment of divorce between appellee and appellant's decedent dated June 3, 1966."

■ From a thorough study of the question involved, and from a review of the briefs of both parties, it is clear that National Service Life Insurance policies (NSLI) are contracts with the United States and their terms are governed by federal statute in determining who is to share in the benefits arising from the policies. Suydam v. United States, 131 U.S.App.D.C. 352, 404 F.2d 1329 (1968); Frakes v. United States, 228 F.Supp. 475 (D.Ga.1964); Smith v. United States, 226 F.Supp. 656 (D.Ark.1964); Fitzstephens v. United States, 189 F.Supp. 919 (D.Wyo. 1960). The applicable law to the facts presented here is found in 38 U.S.C. §§ 717(a) and 3101(a) (1971), which read as follows:

38 U.S.C. § 717(a):

"The insured shall have the right to designate the beneficiary or beneficiaries of insurance maturing on or after August 1, 1946, and shall, subject to regulations, at all times have the right to change the beneficiary or beneficiaries of such insurance without the consent of such beneficiary or beneficiaries."

38 U.S.C. § 3101(a):

"Payments of benefits . . . made to . . . a beneficiary . . . shall be exempt from the claims of creditors, and are not liable to attachment, levy, or seizure by or under any legal or equitable process whatsoever, either before or after receipt by the beneficiary."

There appears to be ample authority for the argument that the divorce decree ordering the insured to maintain his former wife as beneficiary of his NSLI policy is null and void as beyond the power of the court, and furthermore, that the proceeds paid to the insured's second wife as beneficiary are protected from any attempt by his former wife to satisfy her claim for alimony. Annot. 13 A.L.R. Fed. 6, § 9 at 26 (1972). In Heifner v. Soderstrom, 134 F. Supp. 174 (D.Iowa 1955), the court in considering the insured's right to change his beneficiary, held that 38 U.S.C. § 717(a) (1971) granted an absolute right to the policy owner to designate the beneficiary of his policy at all times; that such right may not be denied by either a federal or state court, and that a divorce court could not deny the insured the right to change his beneficiary, or ignore a change of beneficiary made by him. Another case whose facts are closely aligned to the subject case is Hoffman v. United States, 391 F.2d 195 (9th Cir. 1968) wherein the insured bought two NSLI policies in 1950 and 1952, naming his wife as beneficiary. After filing for divorce in 1962, a decree was entered expressly directing him to designate, keep and maintain his ex-wife as the sole beneficiary on each of the policies during the remainder of his life. Shortly thereafter, the insured changed the beneficiary and his ex-wife subsequently brought suit upon his death to obtain the proceeds. The court relied on 38 U.S.C. § 717(a) and 3101(a) (1971) and the supremacy clause of the United States Constitution in affirming the lower court judgment against the ex-wife and her claim based on the state court decree. In other cases collected at 13 A.L.R. Fed. 26 (1972), under similar facts, the courts have uniformly refused the plea of the former beneficiary to impose a constructive trust on the insurance proceeds which had already been paid to the newly designated beneficiary, referring again to the two sections of Title 38, supra. Suydam v. United States, 131 U.S. App.D.C. 352, 404 F.2d 1329 (1968); Thoen v. Thoen, 248 Cal.App.2d 354, 56

Cal.Rptr. 614 (1967); Harris v. Harris, 94 Idaho 358, 487 P.2d 952 (1971). See also Kimball v. United States, 304 F.2d 864 (6th Cir. 1962); Sehrt v. Sehrt, 179 Cal. App.2d 167, 3 Cal.Rptr. 555 (1960); Kauffman v. Kauffman, 93 Cal.App.2d 808, 210 P.2d 29 (1949); and Wissner v. Wissner, 338 U.S. 655–664, 70 S.Ct. 398, 94 L.Ed. 424.

■■■ Although we believe the reasoning stated in the dissent of Mr. Justice Frankfurter and Mr. Justice Jackson in Wissner v. Wissner, supra, at pages 662 and 664, 70 S.Ct. 398, more nearly meets the norm which should be applied, we must hold as the Colorado Court of Appeals held in the case of Reed v. Reed, 29 Colo.App. 199, 481 P.2d 125, to-wit:

> "State court did not have jurisdiction to order husband, pursuant to property settlement agreement incorporated in divorce decree, to make wife irrevocable beneficiary of National Service Life Insurance policy. 38 U.S.C.A. §§ 717(a), 3101(a)."

And as stated by the Supreme Court of Washington in the case of Fleming v. Smith, 69 Wash.2d 277, 418 P.2d 147:

> "Property settlement which obligated husband to designate his son as beneficiary of national service life policy until son's majority and which was incorporated in divorce decree did not constitute sufficient overt act toward accomplishing a change of beneficiary but was a prohibited assignment of proceeds and son could not recover against designated beneficiary. 38 U.S.C.A. §§ 749, 3101(a).

> "The insured has right at all times to change beneficiary of national service life policy, but benefits due thereunder are not assignable by separation agreement. 38 U.S.C.A. § 3101(a)."

Accordingly the judgment of the trial court is reversed with directions to enter judgment for defendant, Lena Sessions.

Reversed and remanded with directions.

ROMANG, J., concurs.