**Harold C. COSTELLO, Jr., and Jane Costello Sirkin, Plaintiffs,**

v.

**Hope O. COSTELLO, Intervenor-Defendant.**

**Civ. No. 5782.**

United States District Court,
D. Wyoming.

Aug. 21, 1974.

E. E. Lonabaugh of Lonabaugh & Vanderhoef, Sheridan, Wyo., for plaintiffs.

Franklin J. Smith of Pattno & Smith, Cheyenne, Wyo., and William J. Madden of Madden & Strate, P.C., Denver, Colo., for defendant.

*Judge's Memorandum*

KERR, District Judge.

The dispute herein involves the right to the proceeds of a life insurance policy.

The policy in question was issued by The Travelers Insurance Company for the face amount of Twenty-Five Thousand Dollars ($25,000.00). The insured, Harold C. Costello, purchased the policy in April, 1931, and named his mother as beneficiary. In 1952, the defendant married the insured in Chicago, Illinois. In this respect, it should be noted that suit was originally brought by the plaintiffs against The Travelers Insurance Company, the insuror. It was dismissed as a party after paying into the registry of this court the proceeds of the policy, less any indebtedness. Defendant was allowed to intervene after claiming that she was entitled to the proceeds, and the suit has thus progressed. Plaintiffs are the son and daughter of the deceased by a prior marriage.

The marriage of the deceased and defendant terminated with a divorce decree rendered on July 14, 1970. Defendant and deceased entered into a property settlement agreement, the entirety of which is not set forth herein. Suffice to say, that the deceased was a man of wealth, who during his lifetime was extensively involved in business. He was a person, it appears, of considerable business skill and acumen. As a part of the agreement, defendant received bonds having a total par value of approximately Two Hundred Fifty Thousand Dollars ($250,000). A part of the settlement agreement provided as follows:

## "(F) WAIVER OF CLAIM AND JURISDICTION OF COURT

. . .

(2) It is further stipulated and agreed by and between the parties hereto that this agreement is intended to be and shall be a full, final and complete property settlement agreement between the parties hereto, and shall be in full settlement of all claims of the Wife against the Husband for alimony, either temporary or permanent, and that neither party shall have any claim nor make any claim for property or money against the other, nor against the estate of the other by virtue of their marital relationship, which might arise by right of intestate or testate's succession, homestead or widow's allowance, and that the provisions of this agreement shall be incorporated in any decree of divorce . . . ."

The divorce decree, entered on July 20, 1970, in State District Court for the State of Wyoming, decreed in part:

"It Is Further . . . Decreed . . . that the Settlement Agreement . ,. . be . . . approved and confirmed . . . and upon the Defendant delivering to the Plaintiff the securities, Warranty Deed and Bill of Sale described in said agreement, the Plaintiff shall have no further claim against the Defendant for support, alimony or further property settlement, and that Plaintiff shall have no further claim or right whatsoever to any of the property, real or personal, or funds standing in the name of the Defendant or to any property or funds accumulated during the marriage of the parties."

Other facts integral to the resolution of the dispute show that on January 10, 1966, the deceased changed the designation of beneficiary on policy number 1635440, the proceeds of which are herein dispute, to read, "Hope Olson Costello, wife of the insured, if living; otherwise in equal shares, to the living children of the insured." (Exhibit A). The decedent reserved the right to change the beneficiary of the policy. At the time of the divorce, and at the death of deceased, Hope Olson Costello, defendant, remained the primary beneficiary of the policy; and, plaintiffs remained the contingent beneficiaries. The decedent also was insured under two other policies, in the amount of Five Thousand Dollars ($5,000) each, issued by The Travelers Insurance Company. (Exhibits B and C). These policies designated decedent's daughter as the primary beneficiary. Subsequent to the divorce, decedent changed the beneficiary designation on one of these policies, Exhibit C, from his daughter to his estate. This was accomplished on February 26, 1971.

The insured died on January 12, 1972, approximately nineteen months after his divorce from the defendant. At his death, two change of beneficiary forms, for the policy in dispute and for the other five thousand dollar policy, were found in the safety deposit box of the decedent. The forms had not been completed or signed. (Exhibit E). The decedent left an estate of approximately Four Hundred Sixty Thousand Dollars ($460,000). These are the salient facts.

The precise question, therefore, presented by this matter is whether the defendant by virtue of the terms of the settlement agreement awarding the wife considerable real and personal property and other choses in action, and incorporated by reference into the divorce decree, waived or relinquished her right, as the named primary beneficiary, to the proceeds of the policy where such policy was not named in the agreement or decree? The Court finds that she did not. In reaching this conclusion the Court has sought, but has not found, any Wyoming cases directly on point.

■ The rights of a beneficiary to the proceeds of a policy are determined, generally speaking, on a contractual basis. See 44 Am.Jur.2d Insurance § 1728. Where, as here, the insured has reserved the right to change the beneficiary of the proceeds, most courts have held that the beneficiary has only a qualified or conditional interest, contingent upon remaining the beneficiary until, and at the time of, the insured's death. "The beneficiary named in an insurance policy, in which policy the insured reserves the right to change the beneficiary, acquires only a defeasible vested interest in the policy by a mere expectancy until after the death of the insured." Fletcher v. Wypiski, 120 Ind.App. 622, 94 N.E.2d 916, 918 (1950). The law in Wyoming in such circumstances is that the "[O]riginal beneficiary had no vested right, but only a mere expectancy." Brotherhood of Locomotive Firemen and Enginemen v. Ginther, 35 Wyo. 244, 256,

248 P. 852, 855 (1926). See also Aetna Life Insurance Company v. Bushnell, 190 F.Supp. 499, 502 (D.C.Wyo.1960); Mullenax v. National Reserve Life Insurance Company, 29 Colo.App. 418, 485 P.2d 137, 139 (1971); 46 C.J.S. Insurance § 1173 b(2); 44 Am.Jur.2d Insurance § 1738. In such a situation, the insured is the owner of the policy.

As the owner of the policy, the insured here had the right to name as beneficiary whomsoever might be the object of his bounty. "The benefits derived from a designation as the beneficiary of a life insurance policy, are in the nature of a gift." Aetna Life Insurance Co. v. Bushnell, 190 F.Supp. at 502, above. The wife of the deceased was designated the primary beneficiary. She had an interest which vested upon the death of the insured, as she had remained the primary beneficiary. The insured had purchased and paid for the policy, and no issue of an insurable interest is present. Was this interest affected by the divorce?

■ The weight of competent authority is that when a husband names his wife as the beneficiary in a life insurance policy on his own life, and thereafter they are divorced but no change is made in the beneficiary, the mere fact of divorce does not affect the right of the named beneficiary to the proceeds of the insurance policy. See Parrish v. Kaska, 204 F.2d 451 (10th Cir. 1953); Travelers Ins. Co. v. Fields, 323 F.Supp. 387 (D.C.Ky.) aff'd 451 F. 2d 1292 (6th Cir. 1971); Wolf v. Wolf, 147 Ind.App. 246, 259 N.E.2d 96 (Ind. App.Ct.1970); 44 Am.Jur.2d Insurance § 1740. This is so because the beneficiary's claim to the proceeds, upon the death of the insured, is not derived from the status of the marital relationship. Doubtlessly, marriage was a major factor, but the interest in the policy does not arise from the relation of husband and wife. The interest arose from the terms of the policy. The use of the phrase "wife of the insured" in the des-

ignation of beneficiary form for the policy in dispute does not alter this result. The use of such a phrase is almost without exception held to be merely descriptio personae; and, such misdescription does not prevent the beneficiary from receiving the proceeds under the policy. See Federal L. Ins. Co. v. Tietsort, 131 F.2d 448 (7th Cir. 1942); Couch on Insurance 2d § 27:111; 44 Am.Jur.2d Insurance § 1730. The divorce had no effect, as such, on the right of the named ·beneficiary, the ex-wife, to claim the proceeds.

Did the property settlement agreement, as incorporated into the divorce decree, work to create an exception to the rules of law above outlined? The Court believes not.

 Property settlement agreements made in good faith are valid, legal, and are favored by the courts. See Beard v. Beard, 368 P.2d 953 (Wyo. 1962). They are to be construed and interpreted as are other contracts, see O'Brien v. Elder, 250 F.2d 275, 278 (5th Cir. 1957); but, each case must be decided upon its own facts. As stated earlier, the beneficiary had only an expectancy, similar to the interest of a legatee under a will. As such, it has been held that general expressions or clauses in property settlement agreements are not to be construed as including an assignment or renunciation of expectancies and that a beneficiary therefore retains his status under an insurance policy or under a will if it does not clearly appear from the agreement that in addition to the segregation of the property of the spouses it was intended to deprive either spouse of the right to take property under a will or an insurance contract of the other. E. g., Grimm v. Grimm, 26 Cal.2d 173, 157 P.2d 841, 843 (1945); Couch on Insurance 2d § 27:114.

The Court in viewing the property settlement agreement can only interpret it, not rewrite it. The agreement did not specifically mention the insurance policies. Absent such a specific disclaimer, the Court will not imply such a renunciation.

The ex-wife's interest did not arise from nor depend upon the marital relationship; it was a mere expectancy and not a claim; and it did not accrue by way of any "right of succession, testate or intestate"; and, such expectancy could not come within the term "personal property." Buttressing this stance, and probably indicative of how the Wyoming Supreme Court might rule if presented with this issue, is the case of Storm v. Storm, 470 P.2d 367 (Wyo. 1970). There, the Court stated that it was improper for the trial court to consider, in dividing the property between the spouses, an expected inheritance. The Court held such "future property" was a mere expectancy and therefore not subject to division.

 The divorce decree here could not impliedly have waived the interest of the ex-wife in determining a just and equitable distribution; and, absent a specific disclaimer, the property settlement agreement did not work such a result. In looking further to the circumstances of the case, the Court is cognizant of these facts: that, the property settlement agreement is artfully drawn and makes extensive provisions for division of the property; that, the deceased in fact effected a change of beneficiary in another policy approximately seven months after the divorce; and, that, the deceased was a knowledgeable person who undoubtedly was aware of the insurance policies at the time the settlement agreement was executed and such could have been properly referred to and disposed of therein. All of these facts tend to give weight to the opinion of this Court that the deceased intentionally failed to make any change in the designation of Hope Olson Costello as the primary beneficiary; and, in effect, he thus confirmed her as the primary beneficiary.

Finally, the Court would mention the case of O'Brien v. Elder, 250 F.2d 275,

**634**

above, which is relied upon by the plaintiffs. That case is distinguishable on the following grounds: (1) it did not involve an ordinary commercial policy but rather a National Service Life Policy; and (2) its reasoning that the term "claim" covered the proceeds has been repudiated here and by most courts, as not applying to a mere expectancy. In this respect, the case is not applicable because a war risk insurance policy is a statutory creature and the rules governing the parties stem from such regulations and not from commonly recognized principles of contract law. The distinction was well brought out in Collins v. United States, 161 F.2d 64 (10th Cir. 1947) where the Court said such policies were established because of the paternalistic interest of the government in the members of its armed forces and the welfare of their families. See also United States v. Zazove, 334 U.S. 602, 610, 68 S.Ct. 1284, 92 L.Ed. 1601 (1948); Taylor v. United States, 459 F.2d 1007, 1009 (9th Cir. 1972); Fitzstephens v. United States, 189 F.Supp. 919 (D.C. Wyo.1960).

The Court has reviewed the evidence proffered by plaintiffs, over objection of defendant, and finds that it does not rise to a height to carry plaintiffs' burden of proof. Mere intent to change a beneficiary is not enough. See Ellington v. Metropolitan Life Ins. Co., 217 F. 2d 609 (5th Cir. 1954); 44 Am.Jur.2d Insurance § 1782.

This Memorandum Opinion sufficiently states the findings of fact and conclusions of law and no additional findings or conclusions are required.

Judgment will be entered directing the Clerk of this Court to pay the proceeds of Twenty-Three Thousand Eight Hundred Thirty-Nine Dollar and Sixty-one Cents ($23,839.61), after an elapse of thirty (30) days, to Mrs. Hope Olson Costello, as the named beneficiary on said policy.