**Ingrid Karola Maria SMITH, Appellee,**

v.

**Elda Haley SMITH, Appellant.**

**No. 86104.**

Court of Appeals of Oklahoma,
Division No. 3.

Oct. 25, 1996.

John Romig Smith, Oklahoma City, for Appellant.

Bob Robinson, Oklahoma City, for Appellee.

### *MEMORANDUM OPINION*

GARRETT, Judge:

On July 27, 1995, the District Court of Oklahoma County entered judgment for Appellee, Ingrid Karola Maria Smith, against Appellant, Elda Haley Smith, for $6,548.30 plus interest from the date of judgment until paid. Appellant seeks review and reversal of that judgment.

The parties were divorced in 1977. Appellee was awarded "all of the life insurance policies." At that time, Appellant owned a National Service Life Insurance policy in the face amount of $10,000.00. Appellee was beneficiary. In 1990, he "cashed in" the policy. In September 1994, Appellee filed an application to cite him for contempt. Later, she abandoned the contempt proceeding, and sought judgment against him for the amount of cash value he received and retained.

The facts were undisputed and the case was tried on the stipulation of the parties. Omitting only the formal parts, the stipulation was, in its entirety, as follows:

1. That on July 18, 1977, a decree of divorce was entered between the parties hereto which contained the following provision:

> "IT IS FURTHER ORDERED, ADJUDGED AND DECREED by this Court that each of the parties hereto are hereby awarded the respective insurance policies which cover the property in their possession, and furthermore, are responsible for the upkeep of said policies. EXCEPT, that the Plaintiff is awarded all the life insurance policies, the beneficiaries of which to remain the same, subject to any premiums due thereon or which becomes due thereon in the future."

2. That at the time of entry of the decree of divorce the Defendant was the owner of National Service Life Insurance Policy number RH 19394787 in the face amount of $10,000.00.

3. That the Veteran's Administration refused to honor the terms of the above quoted decree based upon prevailing Federal Law.

4. That on July 25, 1990, the Defendant received from the Veteran's Administration the cash surrender value of the National Service Life Insurance Policy number RH 19394787 in the sum of $6,548.30.

5. That the Defendant was injured in the service of the United States Army and is a

paraplegic, and 100% service connected and permanently disabled.

6. That no execution, garnishment or other enforcement action was commenced on the judgment of July 18, 1977 until the instant proceeding for contempt which was filed on September 22, 1994.

7. That the Plaintiff will abandon her request for contempt proceedings and will seek only a judgment against the Defendant for the $6,548.30 received from the surrender of the National Service Life Insurance Policy by the Defendant.

In the briefs, statements of fact are made which are not supported by the Appellate record which is before us for review. We will not consider those assertions. However, even if true, those purported facts would not change this decision.

Appellant contends: (1) The judgment had become dormant and unenforceable because no execution or garnishment summons was issued within five (5) years after it was entered; and, (2) As applied to the subject insurance policy, the 1977 judgment of the trial court was void and unenforceable because National Service Life Insurance policies are controlled by Federal Law and state courts have no power or jurisdiction to include them in property division judgments.

Appellee contends: (1) The judgment was final and unappealable, and therefore Appellant's attempt to raise issues at this time are barred; and, (2) The division of property was made in such a way as to balance the equities at the time of the divorce. To permit the Appellant to circumvent the division of property brings about an unintended result by the court and an unfair distribution of property. The Appellant is not acting in good faith or with clean hands; and (3) If the Court did not have jurisdiction over the policy or its beneficiary at the time of the granting of the Decree, then when the policy was cashed in, it lost its characterization as an asset over which it did not have jurisdiction and become one which it did.

In *Sessions v. Sessions*, 525 P.2d 1269 (Okl.App.1974) [1], decedent's prior wife sued his widow to impress a constructive trust on the proceeds of a National Service Life Insurance policy. Decedent had been ordered by an Oklahoma District Court, in a divorce case, to keep the National Service Life Insurance policy in force and to make the prior wife the beneficiary until all alimony had been paid. Decedent changed the beneficiary to his new wife (his widow). He died before he paid all of the alimony to the prior wife. The Veteran's Administration paid the proceeds to the widow. The trial court rendered judgment for the prior wife. The Court of Appeals reversed. In reversing the trial court, the *Sessions* court said:

Although we believe the reasoning stated in the dissent of Mr. Justice Frankfurter and Mr. Justice Jackson in Wissner v. Wissner ... more nearly meets the norm which should be applied, we must hold as the Colorado Court of Appeals held in the case of *Reed v. Reed*, 29 Colo.App. 199, 481 P.2d 125 to wit: "State court did not have jurisdiction to order husband, pursuant to property settlement agreement incorporated in divorce decree, to make wife irrevocable beneficiary of National Service Life Insurance policy. 38 U.S.C.A. § 717(a), 3101(a)."

And as stated by the Supreme Court of Washington in the case of *Fleming v. Smith*, 69 Wash.2d 277, 418 P.2d 147 [ (1966) ];

"Property settlement which obligated husband to designate his son as beneficiary of national service life policy until son's majority and which was incorporated in divorce decree did not constitute sufficient overt act toward accomplishing a change of beneficiary but was a prohibited assignment of proceeds and son could not recover against designated beneficiary. 38 U.S.C.A. §§ 749, 3101(a).

The insured has right at all times to change beneficiary of national service life policy, but benefits due thereunder are not assignable by separation agreement. 38 U.S.C.A. § 3101(a)."

Appellant also cites *Wissner v. Wissner*, 338 U.S. 655, 70 S.Ct. 398, 94 L.Ed. 424 (1950), and *Ridgway v. Ridgway*, 454 U.S.

1. Approved for publication by the Supreme Court on August 9, 1974.

46, 102 S.Ct. 49, 70 L.Ed.2d 39 (1981). Those cases support Appellant's argument. They also support the decision in *Sessions v. Sessions,* supra. Appellee does not cite any authority to the contrary. Incidentally, there was no appeal from the original judgment in the *Sessions* case, and the divorce judgment, as here, had become final. Also, it is obvious that neither party in the Sessions divorce case raised the jurisdiction issue being considered here until this proceeding was commenced in 1994.

Following these authorities, we hold that the trial court, in 1977, exceeded its power and jurisdiction when it included Appellant's National Service Life Insurance Policy in its property division judgment. To that extent the judgment was null and void.

We must reverse. The trial court is directed to enter judgment for Appellant. Appellee's application must be dismissed because it does not state facts upon which relief may be granted.

**REVERSED AND REMANDED** for further proceedings consistent with this opinion.

JONES, P.J. and ADAMS, V.C.J., concur.