PEOPLE *v.* NOYES.

1. CRIMINAL LAW—INDECENT LIBERTIES—RAPE.
The crime of taking indecent liberties is not a lesser offense to the crime of rape (CL 1948, §§ 750.336, 750.520).

2. INDICTMENT AND INFORMATION—INDECENT LIBERTIES—RAPE.
One may be prosecuted under an information in which both the offenses of taking indecent liberties and of rape are charged, notwithstanding the former is not a lesser offense to the latter (CL 1948, §§ 750.336, 750.520, 767.82).

3. CRIMINAL LAW—INDECENT LIBERTIES—EVIDENCE.
Evidence supported charge of taking indecent liberties with the person of a female child under the age of 16 years (CL 1948, § 750.336).

4. SAME—INDECENT LIBERTIES—INSTRUCTIONS.
Claim that trial court failed to instruct jury properly on elements constituting the crime of taking indecent liberties with the person of a female child in that he failed to use the term "without committing or intending to commit the crime of rape" was not error, where court instructed jury by quoting language of the statute wherein such term was used (CL 1948, §§ 750.-336, 768.29).

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 4]  4 Am Jur, Assault and Battery, § 27; 44 Am Jur, Rape, § 23.
[2]  44 Am Jur, Rape, § 47.
[5]  58 Am Jur, Witnesses, § 558.

5. SAME—INQUIRY BY COURT OF WITNESSES—BIAS.
    Inquiry by court of witnesses, presented by defendant in prose-
    cution for taking indecent liberties with the person of a fe-
    male child, did not indicate any bias or disbelief in the tes-
    timony of any witness, under record presented (CL 1948,
    § 750.336).

Appeal from Kalamazoo; Fox (Raymond W.), J. Submitted April 13, 1950. (Docket No. 68, Calendar No. 44,669.) Decided June 27, 1950.

David W. Noyes was convicted of taking indecent liberties with a female child under age of 16. Affirmed.

*Anderson & Anderson,* for appellant.

*Stephen J. Roth,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *John M. Pikkaart,* Prosecuting Attorney, for the people.

SHARPE, J. On April 14, 1949, an information was filed in the circuit court of Kalamazoo county charging defendant with the crime of statutory rape* and also charging defendant with taking indecent liberties with the person of a female child under the age of 16 years. Upon trial by jury, defendant was convicted of taking indecent liberties with such child.

The information charged that the offense occurred on January 10, 1947. The record shows that defendant was married and living with his wife and 2 children. On the day in question, defendant's wife was in a hospital following the birth of a third child. The complaining witness lived with her parents next door to where defendant and family lived. At the time the alleged crime was committed, she was 11 years of age and unusually well developed for a girl

---

* CL 1948, § 750.520 (Stat Ann §.28.788).—REPORTER.

of that age. She had, by the consent of her mother, been given some information on sexual matters by defendant.

The girl testified that her mother had been taking care of defendant's children on the day in question; that between the hours of 4:30 and 6 p.m., defendant returned to his home; and that the following occurred:

"I was straightening up the bedroom when he came home, and he came in the bedroom. He talked a little bit and then put his hands ——. He said 'Hi'; then he put his hands on my breasts and played with my breasts. This was through my dress. Then he reached his hands under the dress and played with my privates. That was on my bare flesh. This took place in the bedroom at his home. I was right on the bed, but not all the time. When he was feeling of my privates, I think I was sitting on the bed.

"Q. Tell us what happened from there on?

"A. He then —— he had intercourse with me.

"Q. What do you mean by intercourse?

"A. He put his privates in mine.

"Q. You are sure that happened?

"A. Yes.

"Q. How long did that take place, do you know? How long did he keep his privates in yours?

"A. I don't remember.

"Q. What did he do then?

"A. Well, what do you mean?

"Q. You say he put his privates in yours; then what?

"A. Well, then he took it out and I went out of the room."

She also testified that on prior occasions she had intercourse with defendant. Defendant denied that he had committed any crime with or upon the girl and claimed that on the day in question he arrived home between 5:30 and 6 p.m., but that he did not see her there on that day. He also claimed that the

charge was brought against him because there had been trouble between his family and that of the complaining witness.

The cause was submitted to a jury who returned a verdict of not guilty of rape, but guilty of taking indecent liberties with a female child under the age of 16 years.

Upon leave granted, defendant appeals and urges that there was a total lack of evidence to sustain a conviction under the indecent liberties statute. CL 1948, § 750.336 (Stat Ann § 28.568). It should be noted that the crime of taking indecent liberties is not a lesser offense to the crime of rape. See *People* v. *McGovern,* 306 Mich 427. One may be prosecuted under an information in which both offenses are charged. See CL 1948, § 767.82 (Stat Ann § 28.1022).

There was testimony from which a jury could have convicted defendant of the crime of rape and in our opinion there is evidence from which a jury could convict defendant of the crime of taking indecent liberties. In the case at bar, the jury evidently did not believe that a rape had been committed. There is evidence that defendant put his hands on the girl's breasts and played with her privates on the bare flesh. There can be no question that such actions are indecent. We reject defendant's claim that there was no testimony to support the charge of taking indecent liberties.

It is also urged that the trial court was in error in failing to instruct the jury on the elements constituting the crime of taking indecent liberties. It appears that the trial court gave the following charge to the jury:

"The burden of proof, members of the jury, in a criminal case rests with the people, and the people must prove by legal testimony and beyond a reasonable doubt a state of facts which will justify convic-

tion.  The burden is upon the people during the entire trial to satisfy you and each of you as to the guilt of the defendant, and they must so satisfy you beyond a reasonable doubt of the defendant's guilt of the crime charged.  *  *  *

"The second count in the information charges an offense known as taking indecent and improper liberties with a female child under the age of 16 years. The statute defining this offense, so far as the same is material, provides as follows, and I quote the statute:

" 'Any male person or persons over the age of 16 years who shall assault a female child under the age of 16 years and shall take indecent and improper liberties with the person of such child, without committing or intending to commit the crime of rape upon such child, shall be guilty of a felony.'

"Before this defendant can be convicted of this charge, the second charge of indecent liberties, in other words, it must appear that he made an assault upon the complaining witness, that is, that he laid hands upon her in such a manner as to constitute an assault, and took indecent and improper liberties with her person.

"Indecent and improper liberties with the person of such child means such liberties as the common sense of society would regard as indecent and improper.  No particular definition is given by the statute of what constitutes this crime.  The common sense of the community as well as the sense of decency and propriety and morality which most people entertain is sufficient to apply the statute to each particular case and point out what particular conduct is rendered criminal by it, that is, by the statute."

The principal objection to this charge is that in instructing the jury, the court failed to use the term "without committing or intending to commit the crime of rape."  We note that the trial court in instructing the jury read the statute relating to the

crime of taking "indecent and improper liberties" and in doing so included the following words: "without committing or intending to commit the crime of rape." In our opinion the reading of the statute relating to the crime is an instruction to the jury and is to be considered by them as any other given instruction. The failure of the trial court to repeat this element of the crime is not error.

It is also urged that the cross-examination of defendant's witnesses by the trial court was prejudicial to the rights of defendant in that it tended to give the jury the impression that the trial judge believed defendant guilty and he and his witnesses were unreliable. An examination of the record does not disclose that the matters inquired into by the court indicated any bias or disbelief in the testimony of any witness. The facts in this case are clearly distinguishable from *In re Stockdale's Estate,* 157 Mich 593. The trial court was within his rights in questioning defendant's witnesses as well as the complaining witness.

No prejudicial error being found sufficient to grant a new trial, the judgment of conviction is affirmed.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUTZEL, CARR, and BUSHNELL, JJ., concurred.