## PEOPLE *v*. CASSIDAY.

1. CRIMINAL LAW—INSTRUCTION—QUOTATION OF CRIMINAL STATUTE.
   A charge to jury in prosecution for negligent homicide that includes quotation from statute which defines the crime charged and classifies it as a misdemeanor is not necessarily error (CL 1948, § 750.324).

2. APPEAL AND ERROR—JURY INSTRUCTIONS—OBJECTION REQUIRED.
   To assign error in charge to jury on appeal, appellant must have objected to the instruction complained of before the jury retired to consider its verdict (GCR 1963, 516.2).

3. CRIMINAL LAW—INSTRUCTIONS—WAIVER OF ERROR.
   Defendant, by not objecting to alleged improper jury instruction when it was given to jury in prosecution for negligent homicide *held*, to have waived alleged error in instruction (CL 1948, § 750.324; GCR 1963, 516.2).

Appeal from Midland; Miller (Allan C.), J., presiding. Submitted Division 3 May 12, 1966, at Detroit. (Docket No. 644.) Decided September 13, 1966.

Charles Cassiday was convicted of the crime of negligent homicide. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Edward G. Durance,* Prosecuting Attorney, for the people.

*James E. Wilson,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial § 639.
[2, 3] 5 Am Jur 2d, Appeal and Error §§ 623, 891.

Lesinski, C. J.  Defendant was charged with committing the crime of negligent homicide in violation of CL 1948, § 750.324* (Stat Ann 1954 Rev § 28.556). Defendant was tried by jury and on January 20, 1965, he was convicted as charged.

The charge arose out of an automobile accident in which Marilyn J. Blanck lost her life while a passenger in a 1960 Volkswagen which was struck from the rear by a 1964 Chevrolet pickup truck driven by the defendant.

At trial prior to submitting the case to the jury for deliberation, the court gave the jury, among others, the following instruction:

"It is the duty of the jury to accept as correct the statement of law that it receives from the court.  In the field of facts, these facts are to be determined by you.

"The charge that we have here is one commonly known as 'negligent homicide.'  Insofar as material, the statute provides: 'Any person who by the operation of any vehicle at an immoderate rate of speed or in a careless, reckless or negligent manner, but not wilfully or wantonly, shall cause the death of another, shall be guilty of a misdemeanor.' "

Defendant contends it was reversible error for the court to have read to the jury that portion of the statute which designated the class of the offense, to wit: a misdemeanor.

The Supreme Court in *People* v. *Noyes* (1950), 328 Mich 207, although not deciding the question raised herein, found no reversible error in instructions that were quoted from a criminal statute, including that portion of the statute which classified the offense as a felony.

To consider this question of the propriety of an instruction given to a jury, the party raising such

---

* This statute was amended by PA 1965, No 38, but this amendment will not affect the determination of this case.

question must have preserved that right by timely objection at the trial level. As stated in GCR 1963, 516.2:

"Objections. No party may assign as error the giving or the failure to give an instruction *unless he objects thereto before the jury retires to consider the verdict,* stating specifically the matter to which he objects and the grounds of his objection." (Emphasis supplied.)

See, also, *Nuccio* v. *Severini* (1965), 374 Mich 189, 191 and cases cited therein. No such timely objection by the defendant is evidenced in the record. In fact, the record reveals a conference on the proposed jury instructions. Then the alleged improper instruction was given, along with the total instruction, with no objection at all voiced by counsel for the defense. Under the circumstances in this case, this Court will consider as waived the alleged error in instruction.

Affirmed.

T. G. Kavanagh and Rashid, JJ., concurred.