PEOPLE *v.* KENNEDY

1. Prostitution—Earnings of Prostitute—Criminal Law—Statutes—Instructions to Jury.

   Court recitation in jury instructions of the entire statutory provision on accepting the earnings of a prostitute without consideration did not broaden the prosecutor's base of proof nor permit the jury to convict defendant of a crime other than that with which he was charged where, even though the recited statute defines several ways in which the crime charged could be committed and defendant was required to defend only on the offense charged, the court made it clear, both in reading the information and in explaining the elements of that crime, that defendant could only be convicted of the crime of accepting a prostitute's earnings without consideration (MCLA § 750.457).

2. Searches and Seizures—Evidence—Illegal Seizure—Motion to Suppress—Timeliness.

   A complaint regarding evidence taken in an illegal search and seizure cannot be raised for the first time on appeal since a defendant, having knowledge of that illegal seizure, must move, either before or during trial, to suppress that evidence.

3. Evidence — Threats — Weapons — Display Before Jury — Preserving Question.

   Failure to object precludes appellate review of display before the jury without formally offering into evidence of a banderilla, with which defendant allegedly threatened the complaining witness.

---

References for Points in Headnotes

[1] 42 Am Jur, Prostitution § 9.
[2, 3] 5 Am Jur 2d, Appeal and Error § 545.
[4, 5] 39 Am Jur, New Trial § 156 *et seq.*

4. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.

   A new trial will be granted for newly-discovered evidence only if there is a showing that the evidence is newly discovered and not merely cumulative, that it is such as to render a different result probable on retrial and that defendant could not, with reasonable diligence, have produced that evidence at trial.

5. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—PERJURY.

   Newly-discovered evidence that the complainant had perjured herself during defendant's trial for accepting her earnings as a prostitute did not merit a new trial where her perjury involved testimony unrelated to defendant's guilt and would only at best impeach complainant's credibility, a different result on retrial seeming highly unlikely (MCLA § 750.457).

Appeal from Recorder's Court of Detroit, Joseph E. Maher, J. Submitted Division 1 March 2, 1970, at Detroit. (Docket No. 6,585.) Decided March 24, 1970. Leave to appeal denied August 27, 1970. 383 Mich 824.

Jesse Kennedy was convicted of receiving money from the earnings of a prostitute without consideration. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas P. Smith,* Assistant Prosecuting Attorney for the people.

*Robert A. Conner,* for defendant on appeal.

Before: LESINSKI, C. J., and QUINN and V. J. BRENNAN, JJ.

V. J. BRENNAN, J. On September 30, 1968, defendant Jesse Kennedy was found guilty by a jury of

receiving money from the earnings of a prostitute without consideration. MCLA § 750.457 (Stat Ann 1954 Rev § 28.712). The trial court denied his motion for a new trial, and he appeals.

The information charged defendant with "knowingly accept[ing], receiv[ing], levy[ing] and appropriat[ing] certain money, of an undetermined amount, without consideration from the proceeds of the earnings of a certain female person engaged in prostitution, to-wit:  *  *  *  ." In its final instructions to the jury, the trial court recited the entire provision of MCLA § 750.457, of which the crime of receiving money from a prostitute is only a part:

"Any person who shall knowingly accept, receive, levy or appropriate any money or valuable thing without consideration from the proceeds of the earnings of any woman engaged in prostitution, or any person, knowing a female to be a prostitute, shall live or derive support or maintenance, in whole or in part, from the earnings or proceeds of the prostitution of said prostitute, or from moneys loaned or advanced to or charged against her by any keeper or manager or inmate of a house or other place where prostitution is practiced or allowed, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 20 years. And such acceptance, receipt, levy or appropriation of such money or valuable thing, shall, upon any proceeding or trial for violation of this section, be presumptive evidence of lack of consideration."

Defendant contends that the reading of the statute in its entirety broadened the prosecution's base of proof and thereby permitted the jury to convict him of a crime with which he was not charged. His contention is without merit. It is true of course that the statute defines different ways the crime can be committed and that the defendant was required to

defend only on the one charged in the information. However, the court made it perfectly clear, both in reading the information and in explaining the elements of the crime charged, that the defendant could only be convicted of receiving money from a prostitute.

During the trial, a banderilla, or picador's lance, allegedly used by defendant to threaten the complainant, was left in the plain view of the jury without being formally offered into evidence. According to an arresting officer, the banderilla was found mounted on a wall of the defendant's house at the time of his arrest. Defendant contends his conviction should be reversed in that (1) the banderilla was seized illegally and (2) displaying the banderilla without formally offering it into evidence denied him a fair trial. These contentions are equally unavailing, even if it is assumed that the banderilla was used as evidence in violation of the exclusionary rule of *Mapp* v. *Ohio*.* Defendant did not move for its suppression before or during trial and consequently cannot now complain of an illegal search and seizure. *People* v. *Ferguson* (1965), 376 Mich 90; *People* v. *Wilson* (1967), 8 Mich App 651. Nor can defendant complain of prejudice from its being displayed before the jury. Defense counsel repeatedly referred to the banderilla in his cross-examination, without once objecting to its presence. The failure to object precludes review. *People* v. *Ivy* (1968), 11 Mich App 427; *People* v. *Omell* (1968), 15 Mich App 154.

Defendant contends a new trial should be granted because newly-discovered evidence indicates that the complainant—the prostitute in question—perjured herself. Under *People* v. *Bauman* (1952), 332 Mich 198, a new trial will be granted for newly-discovered

---

* (1961), 367 US 643 (81 S Ct 1684; 6 L Ed 2d 1081).

evidence only if there is a showing: (a) that the evidence is newly discovered; (b) that the evidence is not merely cumulative; (c) that the evidence is such as to render a different result probable on re-trial; and (d) that the defendant could not with reasonable diligence have produced it at trial. The newly-discovered evidence of perjury in the present case involves testimony unrelated to the defendant's guilt, and at best would serve only to impeach the complainant's credibility. A different result on retrial seems most unlikely.

Defendant's other allegations of error are either frivolous or unfounded by the record and therefore do not merit discussion.

Affirmed.

All concurred.