487 P.2d 952

Helen L. HARRIS, Plaintiff-Appellant,

v.

Carol Klingen HARRIS, individually and as Executrix of the Estate of James H. Harris, Deceased, Defendant-Respondent.

No. 10744.

Supreme Court of Idaho.

July 28, 1971.

———◆———

Robert C. Paine, of Parry, Robertson, Daly & Larson, Twin Falls, for appellant.

Hepworth, Walker, Nungester & Felton, Buhl, for respondent.

### McFADDEN, Justice.

This action was instituted by Helen L. Harris, the plaintiff, referred to herein as appellant, against defendant-respondent Carol Klingen Harris, individually and as the executrix of the estate of James H. Harris, deceased, following rejection by the estate of appellant's claim against the estate for breach of a property settlement agreement. The parties stipulated as to certain facts and exhibits. Affidavits were filed by each of the parties. Motions for summary judgment were presented by each of the parties. The trial court granted respondent's motion, entered summary judgment for respondent, and this appeal was perfected.

Helen L. Harris, appellant, and James H. Harris, now deceased, were married in 1935. Two children were issue of this marriage. In February, 1949, Helen and James Harris entered into a property settlement agreement which provided among other things that James Harris would maintain a thirty payment life plan National Service Life Insurance policy, insuring his life in the principal sum of $5,000.00, in full force and effect with Helen L. Harris named as the beneficiary, and that James L. Harris would make no change of beneficiary without his then wife's approval.[1]

Appellant instituted a divorce action in the California courts which culminated in an interlocutory decree being entered in March, 1949. This decree approved the property settlement agreement previously executed by the parties, incorporated it by reference, and awarded appellant custody of the minor children and also awarded her monthly payments for the support and maintenance of the minor children. In March of 1950, the final decree of divorce was entered, following the terms of the interlocutory decree. In April, 1950, the parties stipulated for a modification of the property settlement agreement and the interlocutory and final judgments of divorce, the effect of which was to eliminate payments for her support and maintenance,

1. "(9) Second Party [James H. Harris] does hereby assign, transfer, convey and set over to First Party all of his right, title and interest in and to the following property, and it is hereby agreed that henceforth all of the following property shall be the sole and separate property of First Party [Helen L. Harris], to wit:

     ❉     ❉     ❉     ❉     ❉

(e) That certain National Service Life Insurance Policy numbered V 12000422, in the principal sum of $5,000.00, upon the life of Second Party. It is mutually agreed that the above described policy has been in force for some years last past and that the premiums upon said policy have been paid completely and entirely from the community funds of the parties. It is the mutual agreement and understanding of each of the parties hereto that said National Service Life Insurance Policy shall be continued in full force and effect and that said Second Party hereby agrees that First Party shall be made beneficiary for the principal sum; and in that connection Second Party further agrees that in consideration of the mutual promises of the parties hereto and of this Property Settlement Agreement Second Party will make no change of the beneficiary of the above described National Service Life Insurance Policy, it being the understanding of the parties that the First Party is to remain beneficiary in the principal sum of $5,000.00 of said life insurance policy, and Second Party further agrees that he will not change, alter, or modify the beneficiary without the mutual agreement of both parties, and Second Party further agrees that he will maintain said policy in full force and effect and pay thereon the premiums, in the sum of $28.00 quarterly, until said policy is fully paid or until the death of Second Party."

but continued them for the children. The divorce court approved this stipulation.

Following the final decree of divorce, James H. Harris married the respondent and they remained husband and wife until his death on June 1, 1968. Probate of his estate was commenced in the Twin Falls County Probate Court.

At the time of the divorce of appellant from James H. Harris, he had in force a National Service Life Insurance policy in the face amount of $5,000.00, and he had previously designated appellant as the beneficiary. On February 24, 1954, contrary to the terms of the Property Settlement Agreement, Harris changed the beneficiary on the policy to his then wife, respondent Carol Klingen Harris, who, as the beneficiary of the policy, received the sum of $5,266.01.

On September 9, 1968, appellant filed her claim against the estate, which claim was rejected by respondent as the executrix of the estate.

Appellant's complaint is in three counts, the first based on the breach of agreement by decedent in changing the beneficiary on the policy in question; the second count is based on the contention that the property settlement agreement was incorporated and integrated and merged in the decree of divorce and decedent's actions constituted a violation of the terms of the decree; the third count was based on the theory that respondent Carol Klingen Harris is the constructive trustee of the funds she has received. The trial court in its memorandum opinion considered all three of these counts, and observed that appellant acknowledged a lack of merit concerning the third count. As to the second count, the trial court observed that it could not fatham what the court was to do about a violation of the terms of a property settlement agreement ratified and affirmed in the

California divorce decree, other than to treat it as a property settlement agreement between the two parties, which position was covered by the first count of the complaint.

It is the appellant's position on this appeal that she is not seeking any of the proceeds of the National Service Life Insurance policy, but asserts that the trial court had jurisdiction to modify the property settlement agreement and to remedy the inequity arising from the failure of the decedent to carry out the express terms of paragraph (9) (e) of the agreement. She asserts that the provisions of 38 U.S.C.A. §§ 717(a) and 749 [2] do not apply in this case because the right of the decedent to change the beneficiary of the policy is not disputed.

38 U.S.C.A. § 717(a) provides:

"The insured shall have the right to designate the beneficiary or beneficiaries of insurance maturing on or after August 1, 1946, and shall, subject to regulations, at all times have the right to change the beneficiary or beneficiaries of such insurance without the consent of such beneficiary or beneficiaries."

38 U.S.C.A. § 749 provides:

"Subject to regulations, the insured shall at all times have the right to change the beneficiary or beneficiaries of a United States Government life insurance policy without the consent of such beneficiary or beneficiaries."

The insurance policy in question was a National Service Life Insurance policy. The leading case concerning these policies is Wissner v. Wissner, 338 U.S. 655, 70 S. Ct. 398, 94 L.Ed. 424 (Feb. 1950, 3 Justices dissenting). This case was an appeal from a decision of a District Court of Appeal of California, 89 Cal.App.2d 759, 201 P.2d 837 (Jan. 1949), the Supreme Court of California having denied a hearing. The Califor-

---

2. 38 U.S.C.A. §§ 701–725 relating to National Service Life Insurance, and 38 U.S. C.A. §§ 740–760 relating to U.S. Government Life Insurance are complementary statutory provisions which provide a federal life insurance program for military personnel and veterans. See 38 U.S.C.A. pp. 31–34, discussing the legislative history of veterans' benefits.

nia District Court of Appeal had held that an estranged wife of a serviceman was entitled to her community property interest in a National Service Life Insurance policy, and required that the named beneficiaries (the insured's mother) pay one half of the payments to the widow. The United States Supreme Court reversed this decision, holding that the mother was entitled to the full proceeds of the policy notwithstanding that the premiums had been paid from community property. The United States Supreme Court in its opinion stated:

"We are of the opinion that the decision below was incorrect. The National Service Life Insurance Act is the congressional mode of affording a uniform and comprehensive system of life insurance for members and veterans of the armed forces of the United States. A liberal policy toward the serviceman and his named beneficiary is everywhere evident in the comprehensive statutory plan. Premiums are very low and are waived during the insured's disability; costs of the administration are borne by the United States; liabilities may be discharged out of congressional appropriations.

"The controlling section of the Act provides that the insured 'shall have the right to designate the beneficiary or beneficiaries of the insurance [within a designated class], * * * and shall * * * at all times have the right to change the beneficiary or beneficiaries * * *.' 38 U.S.C. § 802(g).[3] Thus Congress has spoken with force and clarity in directing that the proceeds belong to the named beneficiary and no

other. Pursuant to the congressional command, the Government contracted to pay the insurance to the insured's choice. He chose his mother. It is plain to us that the judgment of the lower court, as to one-half of the proceeds, substitutes the widow for the mother, who was the beneficiary Congress directed shall receive the insurance money. We do not share appellee's discovery of congressional purpose that widows in community property states participate in the payments under the policy, contrary to the express direction of the insured. Whether directed at the very money received from the Government or an equivalent amount, the judgment below nullifies the soldier's choice and frustrates the deliberate purpose of Congress. It cannot stand." 338 U.S. at 658–659, 70 S.Ct. at 399–400, 94 L.Ed. at 428–429.

In Williams v. Williams, 255 N.C. 315, 121 S.E.2d 536 (1961), the court held that a property settlement providing that the insured husband would maintain and keep in force National Service Life Insurance policies and would not change beneficiaries in such policies from his former wife, who was the designated beneficiary, in effect was an assignment of the proceeds of the policy which was prohibited by federal statute. That court then went on to hold that the settlement was not enforceable against the insured's second wife who was subsequently designated as the beneficiary.

In Kauffman v. Kauffman, 93 Cal.App. 2d 808, 210 P.2d 29 (1949), the decedent and his wife entered into a property settlement agreement whereby it was agreed the wife would be the beneficiary, and in the event

---

3. 38 U.S.C. § 802(g) relied on in *Wissner* is the progenitor of the present 38 U.S. C.A. 717(a). At the date of *Wissner*, § 802(g) read:

"(g) Beneficiaries.

The insurance shall be payable only to a widow, widower, child (including a stepchild or an illegitimate child if designated as beneficiary by the insured), parent, brother or sister of the insured. The insured shall have the right to designate the beneficiary or beneficiaries of the in-

surance, but only within the classes herein provided, and shall, subject to regulations, at all times have the right to change the beneficiary or beneficiaries of such insurance without the consent of such beneficiary or beneficiaries but only within the classes herein provided: *Provided,* That the provisions of this subsection as to the restricted permitted class of beneficiaries shall not apply to any national service life-insurance policy maturing on or after August 1, 1946."

of a divorce, the parties' children would be named as beneficiaries for $2,000.00 each. Later the divorce was granted, and the decedent remarried, and still later changed the policy by designating the new wife as the sole beneficiary. After the insured's death, the children brought suit to impress a trust on proceeds of the policy in the second wife's hands. The court stated:

"We conclude that the property settlement agreement was an assignment of the proceeds of the policy in question, Chilwell v. Chilwell, 40 Cal.App.2d 550, 553, 105 P.2d 122; that such an assignment is prohibited by the terms of the Federal Statute, § 454a, supra, and is therefore not enforceable against the defendant beneficiary. (citing cases)." 210 P.2d at 33.

The court concluded that the second wife was the beneficiary under the policy and was entitled to keep any funds paid under such policy.

In Thoen v. Thoen, 248 Cal.App.2d 354, 56 Cal.Rptr. 614 (1967), the court held that under federal statutes concerning National Service Life Insurance, the insured shall have the right to designate the beneficiary and to change the beneficiary at any time, and where the insured changed the beneficiary from his former wife to his second wife, notwithstanding the divorce decree enjoining him from changing beneficiary. The court allowed the second wife to retain the proceeds even though circumstances allegedly manifested fraud or breach of trust by the insured.

In Fleming v. Smith, 69 Wash.2d 277, 418 P.2d 147 (1966), a husband and wife entered into a property settlement agreement, which provided in part that the husband would designate his son as beneficiary. This agreement was later incorporated into the divorce decree. The insured never changed the beneficiary, as he agreed, and suit was instituted by the guardian ad litem of the son to recover the proceeds of the insurance. The court held that the property settlement agreement (incorporated into the decree of divorce) was

an assignment which was prohibited by 38 U.S.C. § 3101(a), and ineffective. See also Kimball v. United States, 304 F.2d 864 (6th Cir. 1962).

■ It is clear from the foregoing cases that under the federal statutes involved, an agreement by an insured under a National Service Life Insurance policy to designate a certain person as a beneficiary is ineffective.

However, appellant urges that this action is not an attempt to enforce an assignment, but is an action for breach of the property settlement contract, and that she is not seeking any of the funds derived from the National Service Life Insurance policy in any way. She contends that she is merely seeking funds out of the estate of her former husband based on his breach of the separation agreement. The answer to this position by appellant is to be found at the end of the above quoted language in Wissner v. Wissner, supra, where the court stated: "Whether directed at the very money received from the Government or an equivalent amount, the judgment below nullifies the soldier's choice and frustrates the deliberate purpose of Congress."

■ If the claim were allowed against the deceased insured's estate, the effect would be contrary to the philosophy of the congressional acts establishing this type of insurance and in particular with the right of the insured to designate and change beneficiaries. 38 U.S.C.A. § 717(a) and § 749. Allowance of such a claim would in effect be an assignment of benefits under the policy in that the payment of the claim would be in lieu of the payments from the policy under the terms of the property settlement agreement, and here again the congressional intent is clear, since the only way to have the payments due under the policy changed from one beneficiary to another is by having the insured himself execute the change of beneficiary.

Appellant has challenged the authorities cited in respondent's brief, a number of them being cited and discussed herein, pointing out that in none of the cases was

there a similar claim against the decedent's estate for a breach of the property settlement agreement. Recognizing that this may be true, nonetheless it does not alter the fact that the provision of the original separation agreement was unenforceable as against the insured, and being an unenforceable provision of a contract, to allow the claim in this case would be to breathe life into an unenforceable provision of the agreement. Appellant cited us no authority which would go to that extreme.

The judgment of the trial court is affirmed. Costs to respondent.

McQUADE, C. J., and DONALDSON, SHEPARD and SPEAR, JJ., concur.