PEOPLE <em>v.</em> FUSTON THOMAS

1. CRIMINAL LAW—DEFENDANT'S GUILT—PROSECUTOR'S BELIEF.

Prosecutor's statement to the jury that he believed the defendant was guilty of armed robbery, did not constitute error where the prosecutor, after making that statement, went on to tell the jury that they would have to disregard the testimony of five eyewitnesses to the armed robbery to come to any other conclusion, because a prosecutor may argue from the testimony that a defendant is guilty and may state what evidence convinces him and should convince the jury of defendant's guilt.

2. CRIMINAL LAW—MENTIONING PENALTY TO JURY.

A witness's mentioning the penalty for the crime for which defendant was being tried was improper; however, the mentioning of the penalty did not constitute reversible error where defense counsel had elicited the testimony concerning the penalty and where the trial judge instructed the jury that the penalty was no concern of theirs and was a matter solely for the court.

3. CRIMINAL LAW — WITNESSES — PERJURY —PENALTY — INFORMING JURY.

A defendant was not entitled to have the trial court advise the jury of the penalty for perjury on the theory that if the

REFERENCES FOR POINTS IN HEADNOTES
[1]  53 Am Jur, Trial § 486.
[2]  53 Am Jur, Trial § 778.
[3]  53 Am Jur, Trial § 599.
[4]  41 Am Jur, Indictments and Informations § 56.
[5]  58 Am Jur Witnesses § 749.

jury were advised that a defense witness was running the risk of being prosecuted for perjury, the jury would be more inclined to believe the witness's otherwise unbelievable testimony; an instruction on perjury in such a situation would have been error.

4. CRIMINAL LAW—WITNESSES—RES GESTAE WITNESSES—NONINDORSEMENT—DEFENDANT'S KNOWLEDGE.

Prosecutor's failure to indorse the names of two *res gestae* witnesses on the information was not error where defendant and his attorney had the circuit court history in defendant's case for some ten months before trial and knew that the names of the two witnesses were missing.

5. CRIMINAL LAW—DEFENDANT'S CRIMINAL RECORD—MOTION TO SUPPRESS.

A defendant in a criminal prosecution is not entitled to have his criminal record suppressed so that he can testify in his own behalf with the knowledge that he cannot be questioned about past convictions; the people have a statutory right to cross-examine a testifying defendant concerning his criminal convictions in order to assist the jury in determining the defendant's credibility (MCLA § 600.2158).

Appeal from Genesee, Elza H. Papp, J. Submitted Division 2 June 8, 1971, at Grand Rapids. (Docket No. 8402.) Decided September 27, 1971.

Fuston Thomas was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*Gary W. Brasseur,* for defendant on appeal.

Before: R. B. BURNS, P. J., and FITZGERALD and J. H. GILLIS, JJ.

Fitzgerald, J.   Defendant, along with his code-fendant, Daniel Angers,[1] was convicted by a jury of the crime of robbery armed, MCLA § 750.529 (Stat Ann 1971 Cum Supp § 28.797), and sentenced to serve 20–1/2 to 30 years in the state prison.   He brings this appeal as of right.

At 1:30 a.m. of the morning in question, Eddie's Party Store in Flint was robbed by two men.   Witnesses DeCaire and Schumacher, employees at the store, were on duty at the time.   Both bandits wore silk stockings over their faces.   The taller bandit came over to the cash register and demanded money and started to grab it.   When the two men fled the store, the taller of the two bandits removed the silk stocking from his face and was positively identified by several witnesses as being defendant Thomas. The police were called and about 30 minutes later spotted and stopped the getaway car, arresting Thomas and Angers.

While the two men were in the county jail, James Barnett offered to confess to the crime.   He wrote out his confession and later testified in court that he was the man who perpetrated the robbery. Barnett was called as a witness and testified to the facts set out in his confession.   Defendant did not take the stand and thus the only testimony that contradicted that of the people's witnesses in this case was the testimony of witness Barnett.   The jury rejected his testimony and defendant was convicted.

On appeal defendant raises several issues.

Defendant first contends that his conviction should be reversed because of alleged prejudicial remarks made by the prosecutor in his closing argument. He asserts that the prosecutor's argument comes within the rules of those cases enunciated in *People*

---

[1] See *People* v. *Angers* (1971), 36 Mich App 28.

v. *Ignofo* (1946), 315 Mich 626, and *People* v. *Quick* (1885), 58 Mich 321. Although the prosecutor did inform the jury of his own belief that Thomas was guilty, he was arguing that the evidence supported this conclusion. After stating his belief that defendant was guilty, the prosecutor went on to say that the jury would have to disregard the testimony of five eyewitnesses in the case to come to any other conclusion. This type of argument is akin to that of the prosecutor in *People* v. *Bigge* (1941), 297 Mich 58, 68. The Michigan Supreme Court there said:

"It is not error for a prosecutor to argue from the testimony that the defendant is guilty and to state what evidence convinces him and should convince them [the jury] of such guilt."

Defendant next contends that the trial court should have declared a mistrial because of certain testimony. The testimony of witness Barnett was rather unbelievable and the court so indicated at trial. Defendant asserts that when the court became thus convinced, it was obliged to move *sua sponte* for a mistrial. No authority is cited for this proposition and so it can be deemed abandoned and disposed of under the rule of *People* v. *Rogers* (1968), 10 Mich App 380, and *People* v. *McGown* (1969), 19 Mich App 580.

Defendant further contends that reversible error was committed because the penalty for armed robbery was mentioned during trial. Witness Barnett was allowed to state, under questioning by defendant's attorney, that the penalty for armed robbery was life imprisonment. Following this, the prosecutor asked Barnett what the penalty for first-degree murder was (Barnett was then awaiting trial on charges of first-degree murder). The court in-

structed the jury that penalty was no concern of theirs and was a matter solely for the court. In addition, the matter of penalty in regards to robbery armed came out in response to defense counsel's own questioning. While the mention of penalty may have been improper, appellant cannot be heard to complain. *People* v. *Singer* (1913), 174 Mich 361.

Defense counsel, in chambers, moved the court to advise the jury regarding the penalty for perjury. His theory apparently was that if the jury were advised that witness Barnett was running the risk of being prosecuted for perjury, they would be more inclined to believe his otherwise-unbelievable testimony. This the court declined to do and defendant assigns this as error. He does not bring to our attention any authority for this proposition; in fact, it appears that it would have been error for the court to so advise the jury. *Cf. People* v. *Wein* (1969), 382 Mich 588.

The prosecution did not indorse the names of two *res gestae* witnesses on the information. While this is ordinarily error, defense counsel as well as defendant himself had the circuit court history in this matter for some ten months prior to trial and well knew that the names of these two witnesses were missing. The error is not saved for review. *People* v. *Love* (1969), 18 Mich App 228; *Accord: People* v. *Bowman* (1971), 33 Mich App 262.

Defendant did not take the stand and claims he did not do so because of his somewhat unsavory criminal record. A motion was made to suppress his criminal record but the court declined to grant it. Realizing that his record would come out if he did take the stand, defendant declined to do so. We are urged that the trial court erred in this regard. By statute, MCLA § 600.2158 (Stat Ann 1962 Rev

§ 27A.2158), the people have the right to cross-examine a defendant concerning his criminal convictions, the purpose being to assist the jury in determining the credibility of the defendant as a witness in his own behalf. Defendant was not entitled to have his motion to suppress his record granted. *People* v. *Cook* (1970), 24 Mich App 401.

The decision of the trial court is affirmed.

All concurred.