PEOPLE *v* SECORSKI

1. Criminal Law—Defenses—Insanity—Acquittal by Reason of Insanity—Disposition of Defendant—Improper Comments.

Prosecutor's deliberate attempts, in open argument, to discredit defendant's insanity defense by telling the jury that if they found defendant not guilty of murder by reason of insanity the defendant would be set free, not only violated the principle that the parties should remain silent as to the fate of the defendant upon return of the verdict, but also misled the jury as to the consequences of a finding of not guilty by reason of insanity; the prosecutor's remarks, having been allowed to stand without a curative instruction that the law requires an insane defendant to be committed to a state mental institution until he is adjudged sane, so tainted the trial proceedings that a manifest injustice occurred and defendant was denied a fair trial (MCLA 767.27b).

2. Criminal Law—Defenses—Insanity—Acquittal by Reason of Insanity—Disposition of Defendant—Instructions to Jury.

Trial judge's inadvertent neglect to instruct the jury, as he had previously announced that he would, that if they found defendant not guilty of murder by reason of insanity, defendant would be confined in a state mental institution until adjudged sane constituted reversible error, where defense counsel had requested the instruction to correct the prosecutor's deliberate misstatement to the jury that defendant would go free if they adjudged him insane at the time of the crime, even though defense counsel did not object to the omission of the instruction and even though the prosecutor objected to the instruction's inclusion at the end of the court's charge, since both parties apparently operated under the misconception that the insanity instruction had been given (MCLA 767.27b).

---

References for Points in Headnotes

[1] 53 Am Jur, Trial § 452 *et seq.*
[1, 2] 21 Am Jur 2d, Criminal Law § 45.
Prejudicial effect of argument or comment that accused, if acquitted on ground of insanity, would be released from institution to which committed. 44 ALR2d 978.

Appeal from Recorder's Court of Detroit, Robert L. Evans, J.  Submitted Division 1 October 6, 1971, at Detroit.  (Docket No. 8791.)  Decided January 17, 1972.

Robert Secorski, Jr., was convicted of second-degree murder.  Defendant appeals.  Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*Norman L. Zemke,* for defendant on appeal.

Before: Lesinski, C. J., and V. J. Brennan and O'Hara,* JJ.

Lesinski, C. J.  Defendant, Robert Secorski, Jr., was convicted by a jury of second-degree murder, MCLA 750.317; MSA 28.549.  He appeals as of right.

Testimony at the trial revealed that defendant shot and killed Ronald Schefke, after defendant discovered his wife and Schefke embracing in the dark living room at the home of defendant's parents.  Defendant offered insanity as his major defense at trial.

During opening argument, the prosecutor engaged in a deliberate attempt to discredit defendant's in-

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

sanity defense. He made the following statement to the jury:

"*Prosecutor:* Why this insanity defense, it is just so that you can have an excuse to find the defendant not guilty of this cold-blooded deliberate well-planned murder. Executed by a man who laid in wait and who thought he had a license to kill, and a license to get away with it. He felt all he had to do was take the stand in front of the jury and tell them that he was defending his marriage, and he thought all he had to do was tell the jury that *they could find him insane and set him free.*" (Emphasis supplied.)

After the prosecutor concluded his opening argument, defense counsel requested, out of the presence of the jury, the trial judge to instruct the jury, in light of the prosecutor's deliberate misstatement of the law in Michigan,[1] that defendant would be confined in an institution until adjudged sane if found not guilty by reason of insanity. After hearing argument on the request, the trial court announced that it would so instruct the jury, when informing it of possible verdicts.

However, the trial judge neglected to include the instruction among his charges to the jury. The parties apparently operated under the misconception that the instruction had been included, as the prosecutor stated on the record at the conclusion of the charges that he objected to the inclusion of the insanity instruction, while the defense counsel made no objection to its omission.

---

[1] A correct statement of the law on the subject is as follows:
"Any person, who is tried for a crime and is acquitted by the court or jury by reason of insanity, shall be committed immediately by order of the court to the department of mental health for treatment in an appropriate state hospital, until discharged in accordance with Act No 151 of the Public Acts of 1923, as amended. The person shall not be released on convalescent care or final discharge without first being evaluated and recommended for release by the center for forensic psychiatry." MCLA 767.27b; MSA 28.966(12).

On appeal, defendant contends that the trial court committed error when it failed to advise the jury that defendant would be confined in a mental institution until adjudged sane if found not guilty by reason of insanity.

The fixing of punishment in Michigan has traditionally been a concern of the trial court, not the jury. *People* v *Cole,* 382 Mich 695 (1969); *People* v *Williams,* 218 Mich 436 (1922). As a result, both the prosecutor and defense counsel have been proscribed, unless provoked, from referring to defendant's disposition on the return of a verdict. *People* v *Dunn,* 380 Mich 693, 700 (1968). Until the decision in *Cole,*[2] *supra,* this general rule also held true as to the verdict of not guilty by reason of insanity. Thus, by stating that defendant "thought all he had to do was tell the jury that *they could find him insane and set him free",* the prosecutor violated the principle that the parties should remain silent as to the fate of defendant upon return of the verdict. (Emphasis supplied.) Not only did the prosecutor transgress that rule, but in so doing, he misled the jury as to the consequences of a finding of not guilty by reason of insanity.

We hold that the remarks of the prosecutor, having been allowed to stand without correctional instruction, so tainted the proceedings below that a manifest injustice has transpired. Defendant, under these circumstances, was denied a fair trial.

Reversed and remanded.

All concurred.

---

[2] The Michigan Supreme Court, in *People* v *Cole,* 382 Mich 695 (1969), held that defendant was entitled to an instruction that he would be committed, when found not guilty by reason of insanity, to a mental institution until adjudged sane, if such instruction was requested by either defendant or the jury. Trial in this case predated *Cole.*