### PEOPLE v NICHOLS

#### Opinion of the Court

1. Criminal Law—Instructions to Jury—Disposition—Appeal and Error.

    It was reversible error for a trial judge to advise the jury, in effect, on disposition by instructing that the charged offense was a felony and that the lesser included offense was a misdemeanor.

2. Criminal Law—Questions of Fact—Statutes.

    The responsibility of a jury in a criminal case is limited to the resolution of contested issues of fact (MCLA 768.8).

3. Criminal Law—Questions of Law—Statutes.

    It is the sole responsibility of the trial court to resolve contested issues of law and impose a sentence in the event of conviction (MCLA 768.8, 769.1).

#### Dissent by O'Hara, J.

4. Criminal Law—Instructions to Jury.

    *A trial court not only may, but should, use the language of the statute in its charge to the jury where the law governing a case is expressed in a statute.*

5. Criminal Law—Instructions to Jury—Appeal and Error—Preserving Question.

    *An alleged error in instructions to a jury is waived where a defendant made no objection to the instructions as given and explicitly stated his satisfaction with the charge.*

Appeal from Berrien, Chester J. Byrns, J. Submitted Division 3 June 4, 1973, at Grand Rapids.

References for Points in Headnotes

[1] 53 Am Jur, Trial §§ 286, 796–802.
[2, 3] 47 Am Jur 2d, Jury §§ 3, 14.
[4] 53 Am Jur, Trial §§ 542, 622.
[5] 53 Am Jur, Trial § 827.

(Docket No. 15344.) Decided November 2, 1973.
Leave to appeal granted and reversed, 391 Mich
—.

Mart L. Nichols was convicted of attempted
breaking and entering an occupied dwelling with
intent to commit larceny. Defendant appeals. Re-
versed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *John A. Smie-
tanka,* Assistant Prosecuting Attorney, for the
people.

*John B. Phelps,* Assistant State Appellate De-
fender, for defendant.

Before: R. B. Burns, P. J., and Fitzgerald and
O'Hara,* JJ.

R. B. Burns, P. J. Defendant was tried before a
jury on a charge of attempted breaking and enter-
ing an occupied dwelling with intent to commit
larceny therein. MCLA 750.110; MSA 28.305, and
MCLA 750.92; MSA 28.287. At the conclusion of a
one-day trial the jury was instructed as to the
elements of both the charged offense and the lesser
included offense of attempted breaking and enter-
ing an occupied dwelling without permission,
MCLA 750.115; MSA 28.310, and MCLA 750.92;
MSA 28.287. Also, the jury was informed by the
trial judge that the charged offense is a felony and
that the lesser-included offense is a misdemeanor.
The jury returned a verdict of "guilty as charged".
Defendant was sentenced to a prison term of two
to five years. He now appeals.

Defendant claims that it was reversible error for

* Former Supreme Court Justice, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

the trial court to inform his jury that the charged
offense is a felony and that the lesser-included
offense is a misdemeanor.

We agree with defendant that the effect of the
challenged remarks was to interject into the jury's
considerations the issue of disposition. It is com-
mon knowledge that a felony is more serious than
a misdemeanor and that the potential penal conse-
quences of a felony conviction are more severe
than the potential penal consequences of a misde-
meanor conviction. The public is aware that an
individual convicted of a felony is subject to a
prison sentence of usually substantial duration,
while an individual convicted of a misdemeanor is
subject to a jail sentence of considerably shorter
duration.[1] We suspect that the public considers
misdemeanors to be crimes on the order of traffic
offenses with penal consequences no more severe
than fines or probation.

It was reversible error to interject disposition
into the jury's considerations. Our Legislature has
chosen to limit the responsibility of juries in crimi-
nal cases to the resolution of contested issues of
fact. MCLA 768.8; MSA 28.1031. Contested issues
of law are to be resolved by the trial court, and
any sentence imposed in the event of conviction is
solely the responsibility of the court, MCLA 769.1;
MSA 28.1072, provided that the sentence imposed
is informed, MCLA 771.14; MSA 28.1144, within
the bounds established by the Legislature, and
does not violate constitutional limitations on pun-
ishment. The Legislature has reserved to itself the
task of deciding what conduct is criminal, and how

---

[1] In fact, the maximum sentence for attempted breaking and enter-
ing of an occupied dwelling with intent to commit larceny is five
years in a state prison. The maximum sentence for attempted break-
ing and entering an occupied dwelling without permission is 45 days
in a county jail.

criminal. The courts of this State enforce this legislatively-imposed segregation of responsibilities by refusing to permit comment in the presence of the jury as to the dispositions likely or possible should a verdict of guilty be returned. *People v Singer,* 174 Mich 361; 140 NW 522 (1913); *People v Fuston Thomas,* 36 Mich App 23, 27; 193 NW2d 189, 190–191 (1971); *People v Secorski,* 37 Mich App 486; 195 NW2d 8 (1972); *People v Lewis,* 37 Mich App 548, 195 NW2d 30 (1972). This proscription is enforced because such comment jeopardizes the accuracy of a jury's findings of fact. Should a jury be aware that the penalty prescribed for a lesser included offense is substantially less than the penalty prescribed for the charged offense, that jury may choose to convict the defendant of the charged offense, although it recognizes that the evidence warrants conviction only of a lesser-included offense, because it finds the likely penalty to be too lenient. On the other hand, should a jury feel that the likely penalty for the charged offense is too severe, it may choose to convict a defendant of a lesser offense, although he is guilty as charged. See *Rowe v State,* 250 Ind 547, 553; 237 NE2d 576, 579 (1968); *State v Zuidema,* 157 Mont 367, 373–374; 487 P2d 952, 955–956 (1971). In either situation the jury has failed to fulfill the responsibilities placed upon it by the Legislature, has usurped the prerogative of the court, and has overruled the Legislature's definition of a particular crime. An individual accused of a crime is entitled to be convicted of no more serious a crime than that proved by the evidence presented. At the same time, the people are entitled to expect that those guilty of crime will be convicted of that of which they are guilty, no more, but also no less.

Although the case of *People v Cole,* 382 Mich

695; 172 NW2d 354 (1969), requires a trial court to advise a jury of the consequences of a verdict of "not guilty by reason of insanity", that case affirms the above principle; it does not question the principle. The Michigan Supreme Court so ruled to minimize the risk of imprisoning an individual who should be hospitalized. The Court determined that a jury unaware of the effect of a verdict of "not guilty by reason of insanity" might disregard their oath and the facts and deliberately find an insane individual sane out of fear that an accurate finding would release a potentially dangerous individual. In other words, the Court acted to protect the accuracy of jury verdicts by removing a temptation to disregard the evidence.

Therefore, we hold that it was reversible error for the trial judge in the instant case to advise the jury that the charged offense is a felony and that the lesser included offense is a misdemeanor.

Defendant conceded his guilt of the lesser included offense, but denied guilt of the charged offense. The evidence presented by the prosecution, as developed on cross-examination, allowed for reasonable inferences consistent with defendant's claims. By informing the jury of the consequences of defendant's verdict of guilty the trial judge seriously compromised defendant's only defense.

Reversed and remanded for a new trial.

FITZGERALD, J., Concurred.

O'HARA, J. *(dissenting)*. I cannot agree with the majority opinion holding that it was reversible error for the trial court to advise the jury that the principal offense charged was a felony and the lesser included offense was a misdemeanor.

All during my own practice of law, the trial judge read the statute to the jury and if the

statute referred to the offense as a felony or misdemeanor the court so designated it. Strong support for the latter practice is evidenced by the following excerpt from 169 ALR 315, 331, citing *inter alia, People v Burk,* 238 Mich 485; 213 NW 717 (1927):

"The general rule that where the law governing a case is expressed in a statute, the court not only may, but should, use the language of the statute in its charge to the jury (see 53 Am Jur 433, Trial, § 542), is frequently applied in criminal cases with respect to instructions defining or explaining the offense charged, and the propriety of employing the statutory language in this connection has frequently been upheld or recognized."

The charge to which exception was taken in *People v Burk,* pp 487–488 (213 NW 718), stated in pertinent part:

"Now, the charge in the information is one of felonious assault, which I will call the *major offense.* If, after following the instructions of this court and applying the principles which I have given you here, you find that the defendant is not guilty of the crime of felonious assault, then it is for you to determine whether or not he is guilty of assault and battery, which I will call a *minor offense.* Then if, after applying all the principles of law, you find he is not guilty of assault and battery, then you are to determine whether or not he is guilty of simple assault.

"Battery, the person has to be—some damage has to be done to the person himself; some corporal hurt, in other words, an assault may be made without striking a person, like an attempt to strike. In other words, this is what we call the *major crime,* felonious assault. It is for you to pass upon that, first, determine whether or not in your opinion the defendant is guilty. After applying all the principles which I have given you, then take up the *minor charge,* if you find he is not guilty of that—assault and battery. Is there anything further?" (Emphasis supplied.)

*Burk* seems to me a stronger case than the instant situation. Yet the Supreme Court didn't find the trial judge's characterization of the charges as the "major offense" and the "minor offense" as reversibly erroneous.[1] See also *People v Cassiday,* 4 Mich App 215, 216; 144 NW2d 676–677 (1966); *People v Kennedy,* 22 Mich App 524, 526–527; 177 NW2d 669, 670 (1970); *People v Noyes,* 328 Mich 207, 210–211; 43 NW2d 331, 333 (1950).

Any time the jury is instructed on a lesser included offense, an inferior offense, or an attempt, the possibility obviously exists that the jury may improperly consider the grieviousness of the offenses charged in determining the issue of guilt since such instructions always logically imply lesser culpability and a lighter sentence. The trial court's instructing the jury that one offense charged is a felony and the lesser offense a misdemeanor would add nothing to the inherent possibility of jury abuse. Further, any possibility of abuse would be as equally beneficial to the defendant by allowing the jury to conclude guilt of the lesser charge in mitigation of possible punishment.

Additionally, defendant made no objection to the instructions as given, explicitly stating his satisfaction with the charge. Hence, the alleged error was waived in any event. The record suggests no miscarriage of justice.

I would affirm the verdict of the jury.

---

[1] I recognize that the *Burk* court generally approved this instruction and did not specifically pass on the issue herein involved.