PEOPLE v RITCHIE

CRIMINAL LAW—INSTRUCTIONS TO JURY—LESSER INCLUDED OFFENSE—
      DISPOSITION.
   It was not improper for a trial court to instruct a jury that a
   lesser included offense was a misdemeanor since such an in-
   struction involving disposition is similar to giving the jury such
   information by the approved practice of reading the statutes to
   the jury which state whether the crime is a felony or a
   misdemeanor.

Appeal from Berrien, Julian E. Hughes, J. Sub-
mitted Division 3 February 6, 1974, at Grand
Rapids. (Docket No. 16377.) Decided March 28,
1974. Leave to appeal applied for.

Delmar Ritchie was convicted of breaking and
entering with intent to commit larceny. Defendant
appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Ronald J. Taylor,*
Prosecuting Attorney, and *Sally M. Zack,* Assist-
ant Prosecuting Attorney, for the people.

*Roger L. Wotila,* Assistant State Appellate De-
fender, for defendant.

Before: R. B. BURNS, P. J., and ALLEN and
O'HARA,* JJ.

R. B. BURNS, P. J. Defendant was found guilty by

REFERENCE FOR POINTS IN HEADNOTE
53 Am Jur, Trial §§ 796–802.
   * Former Supreme Court Justice, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

a jury of breaking and entering with intent to commit larceny. MCLA 750.110; MSA 28.305.

A review of the record discloses no reversible error. We affirm.

During oral argument, defense counsel raised the issue that the trial judge, during his instructions, had informed the jury that the lesser included offense of entering without permission (MCLA 750.115; MSA 28.310) was a misdemeanor.

The writer of this opinion also authored *People v Nichols,* 50 Mich App 440; 213 NW2d 558 (1973), and in that case held such an instruction was error. But an incorrect decision was made in *Nichols.* In *People v Burk,* 238 Mich 485; 213 NW 717 (1927), the Supreme Court upheld the trial court's practice of reading the statute to the jury. Statutes state whether the crime is a felony or a misdemeanor.

Affirmed.

All concurred.