PEOPLE v JOHNSON

1. CRIMINAL LAW—INSTRUCTIONS TO JURY—RELEVANT STATUTES—
   READING OF STATUTES.

   A trial judge in instructing the jury in a criminal case committed
   no error by reading relevant statutes to the jury.

2. CRIMINAL LAW—SENTENCES—CONSECUTIVE SENTENCES—REVERSAL
   OF PRIOR SENTENCE.

   A second consecutive sentence begins to run from the date of its
   imposition where the prior sentence under which the defendant
   was in prison for reasons totally unrelated to those for which
   he was sentenced the second time has been reversed.

3. CRIMINAL LAW—WAIVER OF PRELIMINARY EXAMINATION—REMAND
   FOR PRELIMINARY EXAMINATION—DENIAL OF MOTION—PREJU-
   DICE.

   A defendant who waived preliminary examination demonstrated
   no prejudice to himself as a result of the denial of a motion to
   remand for preliminary examination even though he was with-
   out counsel at the time of the waiver where it appears that at
   the time of the waiver he knew both of his right to preliminary
   examination and of his right to counsel.

4. SEARCHES AND SEIZURES—CONSTITUTIONAL LAW—ILLEGAL SEARCH—
   STANDING TO RAISE ISSUE—PREJUDICE.

   A trial court's ruling that a defendant had no standing to raise
   the question of illegal search resulted in no prejudice where
   defendant had such standing to raise the question but the
   search was in all particulars valid and reasonable.

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trial § 705.
[2] 21 Am Jur 2d, Criminal Law § 550.
   Effect of invalidation of sentence upon separate sentence which
   runs consecutively. 68 ALR2d 712.
[3] 21 Am Jur 2d, Criminal Law §§ 446–450.
   Defendant's plea to indictment or information as waiver of lack or
   preliminary examination. 116 ALR 550.
[4] 68 Am Jur 2d, Searches and Seizures § 2.
[5] 29 Am Jur 2d, Evidence § 582 *et seq.*

5. Criminal Law—Confessions—Walker Hearing—Cross-Examina-
  tion—Prosecuting Attorneys—Closing Argum..vts—Disclo-
  sure by Defense—Prejudice—Instructions to Jury.

  Informing the jury what a "Walker" hearing had been held and
  that defendant's confession was found to have been voluntary
  did not result in reversible error where such facts were first
  revealed to the jury by defense counsel during cross-examina-
  tion of a witness, where the court sustained a defense objection
  to the prosecutor's closing argument when the Walker hearing
  was raised to rebut the closing argument of the defendant that
  the confession was involuntary, and where the court instructed
  the jury that they were free to believe or disbelieve the confes-
  sion and give it whatever weight they chose.

Appeals from Kalamazoo, Lucien F. Sweet and
Raymond W. Fox, JJ. Submitted Division 3 No-
vember 15, 1974, at Grand Rapids. (Docket Nos.
17944, 17998.) Decided December 5, 1974.

Van R. Johnson was convicted in separate pro-
ceedings of breaking and entering and larceny in a
building. Defendant appeals both convictions and
they were consolidated by the Court of Appeals.
Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Donald A. Burge,*
Prosecuting Attorney, *Stephen M. Wheeler,* Chief
of Appellate Division, and *Michael H. Dzialowski,*
Assistant Prosecuting Attorney, for the people.

*Justin Brocato,* for defendant on appeal.

Before: T. M. Burns, P. J., and R. B. Burns and
Carland,* JJ.

Carland, J. This consolidated appeal directly
involves two separate convictions of the defendant,
one for breaking and entering, No. 17944, and the

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

other for larceny in a building, No. 17998, and indirectly involves another conviction of defendant for larceny in a building which was reversed by this Court on January 23, 1974, No. 16662.

We will first consider No. 17944 in which the defendant was charged with breaking and entering, MCLA 750.110; MSA 28.305. Such offense is alleged to have occurred on July 21, 1972. While represented by counsel, the defendant waived preliminary examination. On August 7, 1972 the defendant was arraigned in circuit court, stood mute and a plea of not guilty was entered for him. On December 1, 1972, a new attorney was appointed for the defendant and on January 8, 1973, a motion to remand for preliminary examination was denied. The defendant was convicted as charged and on May 29, 1973, was sentenced to a term of six years and eight months to ten years to be served consecutively to his earlier conviction in No. 16662 in accordance with the provisions of MCLA 768.7b; MSA 28.1030(2).

There appears to be no dispute as to the essential facts of this case. Defendant raises three issues in this appeal and we find no error arising from the trial judge's refusal to remand for preliminary examination. Neither do we discern error in the reading by the trial judge to the jury the relevant statutes. In making this claim of error, defendant relies upon *People v Nichols,* 50 Mich App 440; 213 NW2d 558 (1973). However, *Nichols* was expressly overruled in *People v Ritchie,* 52 Mich App 380; 217 NW2d 439 (1974), with the use of the following language:

"The writer of this opinion also authored *People v Nichols,* 50 Mich App 440; 213 NW2d 558 (1973), and in that case held such an instruction was error. But an incorrect decision was made in *Nichols.* In *People v*

*Burk,* 238 Mich 485; 213 NW 717 (1927), the Supreme Court upheld the trial court's practice of reading the statute to the jury. Statutes state whether the crime is a felony or a misdemeanor."

The remaining question becomes one of determining what effect the reversal of the prior sentence in No. 16662 has upon the consecutive sentence here imposed. In resolving this question, we must bear in mind that lacking the element of reversal in the prior case, the sentence here imposed began to run on the date that the first sentence was fully served. Had there been no prior sentence, the one which we now consider would have commenced upon the date that it was imposed.

As was stated in *People v Bonner,* 49 Mich App 153, 160; 211 NW2d 542 (1973), "The effect of consecutive sentencing is not to increase the maximum punishment prescribed for the second offense, but merely postpones the time at which the second sentence will commence". While we find it unnecessary to decide whether the sentence first imposed was void or voidable, it would seem that the common sense approach would be to treat it as though it had never existed. This view was embraced by the sentencing judge at the time he was reminded that the first sentence was being appealed.

"If the sentence pronounced by Judge Fox is set aside, then, of course, this sentence could not run consecutively with that sentence. This sentence would then have to run from this date forward, and the record may so show."

Since the defendant was in prison under the first sentence for reasons totally unrelated to the case at bar, we therefore hold that upon reversal

of the prior sentence that the second or consecutive sentence here under consideration began to run from the date of its imposition.

Considering No. 17998, the defendant appeals as of right his June 19, 1973 jury conviction of larceny in a building, MCLA 750.360; MSA 28.592.

On September 25, 1972, the defendant was charged by complaint and warrant with the theft of groceries from a supermarket. On the same day, the defendant was arraigned in district court and while without counsel, waived preliminary examination and was bound over to circuit court. Upon the filing of an information, the defendant was arraigned thereunder and again without counsel, stood mute and a plea of not guilty was entered on his behalf. On November 16, 1972, counsel was appointed for defendant and on December 14, 1972, counsel filed a motion to remand for preliminary examination, which was denied on January 8, 1973. Following trial and conviction, the defendant was sentenced to a term of 32 months to four years to be served consecutively to No. 16662 and No. 17944.

Again the defendant asserts the abuse of discretion by the trial court in denying the motion to remand for preliminary examination. While it is true that at the time of the waiver by the defendant, he was without counsel, it is also true that between June and September of 1972 he had three times been arraigned in district court for three separate offenses and that on at least one of these arraignments he had waived preliminary examination against the advice of his counsel. He had had appointed counsel in both of the prior arraignments. Having throughout the summer of 1972 taken a rather concentrated cram course in judicial procedures, it is safe to assume that at the

time of the waiver here in question he knew both of his right to preliminary examination and of his right to counsel. Aside from the naked claim of error, counsel for defendant demonstrates no prejudice resulting from the denial of the motion to remand. We therefore find no error.

We further find no prejudicial error resulting from the trial court's ruling that the defendant had no standing to raise the question of illegal search because while defendant had such standing, no prejudice resulted since the search was in all particulars valid and reasonable.

The defendant claims further error because the jury was informed that a "Walker" hearing had been held and defendant's confession found to have been voluntary. While in *People v Gilbert,* 55 Mich App 168; 222 NW2d 305 (1974), it was held that a trial court commits reversible error if it informs the jury of the occurrence, nature and result of a Walker hearing, we find no such error here because such facts were first revealed to the jury by defense counsel during cross-examination of the police officer. Moreover, the trial court sustained a defense objection to the prosecutor's closing argument which raised the Walker hearing to rebut the closing argument of the defense that the confession was involuntary. Furthermore, the trial court instructed the jury that they were free to believe or disbelieve the confession and give it whatever weight they chose.

Since we affirm in No. 17944, the sentence imposed herein is consecutive only to the affirmed case, and no further discussion is required.

We have carefully considered the other issues raised by defendant and find them to be without merit.

Both No. 17944 and No. 17998 are affirmed.

All concurred.